ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| EL PUEBLO DE PUERTO RICO<br><br>Parte Recurrida<br><br>v.<br><br>JOSE L. CAMACHO RAMOS<br><br>Parte Recurrente | KLCE202301355 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Crim. Núm.:<br>I HO2003G0002 |
|---|---|---|

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Rodríguez Flores, Juez Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de enero de 2024.

El 21 de noviembre de 2023, el señor José L. Camacho Ramos (peticionario), quien se encuentra recluido en la institución correccional Bayamón 501, presentó por derecho propio y en forma *pauperis,* un recurso de *certiorari,* recibido por la Secretaria de este Tribunal el 29 de noviembre de 2023. En su escrito, cuestiona una *Resolución* emitida el 15 de septiembre de 2023, y notificada el 23 de octubre de 2023, por el Tribunal de Primera Instancia (TPI), Sala Superior de Mayagüez, que dispuso *no ha lugar* a cierta moción presentada por éste.

El peticionario no acompañó con su recurso la moción que presuntamente dio paso al referido pronunciamiento judicial. Escuetamente adujo que la institución correccional en la que está recluido no cuenta con servicios de fotocopias para los confinados y que, a pesar de haberla solicitado, el TPI nunca le envió a vuelta de correo copia de la moción.

Conforme las alegaciones del escrito de *certiorari*, la *Resolución* en cuestión atendió una moción al amparo de la Ley

Núm. 85-2022, en la que el peticionario solicitó la modificación de su sentencia condenatoria, a los fines de que las penas impuestas fueran cumplidas de manera concurrente y no consecutiva, a tenor con el principio de favorabilidad y la figura del concurso de delitos. El peticionario plantea que el tribunal recurrido resolvió la moción sin celebrar una vista evidenciaria y sin expresar los fundamentos de la decisión.

Por los fundamentos que expondremos a continuación, se desestima el recurso por falta de jurisdicción.

## I.

### A.

La jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias. Por esa razón, lo primero que se debe considerar en toda situación jurídica presentada ante un foro adjudicativo, es el aspecto jurisdiccional. Cónsono con ello, los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción. Esto debido a que el foro judicial está obligado a auscultar el cumplimiento de los requisitos jurisdiccionales que la ley establece, antes de considerar los méritos de una controversia.[1]

Así, el Tribunal Supremo ha reafirmado que los entes adjudicativos tienen que ser guardianes celosos de su jurisdicción y no poseen discreción para asumirla si no existe. Consecuentemente, cuando un tribunal carece de jurisdicción, está obligado a desestimar el recurso.[2] Por esa razón, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, Regla 83 (C), nos autoriza a desestimar un recurso a iniciativa propia, cuando carecemos de jurisdicción para atenderlo.

### B.

---

[1] *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 268 (2018).
[2] *Rivera Marcucci v. Suiza Dairy Inc.*, 196 DPR 157, 165 (2016).

El Tribunal Supremo ha manifestado que las partes tienen la responsabilidad de observar rigurosamente las normas sobre el perfeccionamiento de los recursos apelativos y su cumplimiento no puede quedar al arbitrio de las partes o sus abogados.[3] Ello, ante la necesidad de colocar a los tribunales apelativos "en posición de decidir correctamente los casos, contando con un expediente completo y claro de la controversia que tiene ante sí".[4]

De hecho, el Tribunal Supremo ha expresado que, de no observarse las disposiciones reglamentarias al respecto, nuestro ordenamiento autoriza la desestimación del recurso.[5] Sin embargo, ante la severidad de esta sanción, dicho Foro exige que nos aseguremos de que el incumplimiento con las disposiciones reglamentarias aplicables haya provocado un impedimento real y meritorio para que podamos considerar el caso en los méritos.[6] Por ejemplo, "[u]n recurso que carece de un apéndice, con los documentos necesarios *para poner al tribunal en posición de resolver*, impide su consideración en los méritos".[7]

Del mismo modo, el Tribunal Supremo ha puntualizado que el hecho de que las partes litigantes comparezcan por derecho propio, por sí solo, no justifica que ellas incumplan con las reglas procesales. Ello cobra mayor importancia en el caso de aquellas normas que establecen términos jurisdiccionales o de cumplimiento estricto.[8]

En lo relativo a la presentación de recursos de *certiorari,* la Regla 34 (E)(1) del Reglamento del Tribunal de Apelaciones dispone que es obligatorio incluir una copia de los siguientes documentos en el correspondiente apéndice: (1) la resolución u orden cuya revisión

---

[3] *Isleta v. Inversiones Isleta Marina,* 203 DPR 585, 590 (2019); *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90 (2013).
[4] *Soto Pino v. Uno Radio Group,* supra.
[5] *Pueblo v. Rivera Toro,* 173 DPR 137, 145 (2008).
[6] *Román et als. v. Román et als.*, 158 DPR 163, 167 (2002).
[7] *Íd.* (Bastardillas en el original).
[8] *Febles v. Romar,* 159 DPR 714, 722 (2003).

se solicita y la notificación del archivo en autos de copia de la notificación de la decisión; (2) **toda moción o escrito de cualesquiera de las partes en los que se discuta expresamente lo planteado ante el foro de instancia**; (3) toda moción o escrito de las partes que acredite la interrupción del término para presentar la solicitud de *certiorari* y la notificación de la resolución u orden disponiendo de las mismas; y (4) cualquier otro documento que forme parte del expediente original ante el Tribunal de Primera Instancia y propenda a esclarecer la controversia.[9]

## II.

Según expuesto en la sección anterior, las disposiciones reglamentarias establecidas para la presentación de los recursos imponen la obligación de presentar los documentos que nos permitan identificar y calibrar el señalamiento que se trae ante nuestra consideración. El peticionario no anejó copia de la moción presentada ante el foro recurrido en la que discutió el asunto planteado en este recurso. La omisión del peticionario constituye un impedimento real y meritorio para la consideración del recurso en sus méritos.

El peticionario no ha demostrado que tenga un derecho a que el tribunal recurrido le provea una copia de la referida moción. A su vez, la obligación que le impone la Constitución federal a las instituciones penales de Puerto Rico de poner a la disposición de los confinados los recursos de índole legal para facilitar la consecución de cualquier acción de derechos civiles que pudiera surgir mientras cumplen su condena[10], derrota la escueta alegación del peticionario referente a la supuesta ausencia del servicio de fotocopiadora en la institución correccional en la que se encuentra recluido.

---

[9] 4 LPRA Ap. XXII-B, R. 34 (E) (1).
[10] Véase, *Pérez López v. Depto. Corrección,* 208 DPR 656 (2022).

Por último, y también relacionado al aspecto jurisdiccional, hay que mencionar que la Ley Núm. 85-2022 busca redefinir los términos que deben cumplir los confinados para que puedan solicitar el beneficio de libertad a prueba ante la Junta de Libertad Bajo Palabra. Es decir, la mencionada legislación atiende un asunto puramente administrativo, comprendido dentro de la jurisdicción y competencia del Departamento de Corrección y Rehabilitación - a la que está adscrita la Junta de Libertad Bajo Palabra - y que puede ser atendido a través de una solicitud de remedio administrativo. Una vez la agencia emita una decisión final, el peticionario podrá presentar un recurso de revisión mediante el procedimiento dispuesto en la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico,* Núm. 38-2017[11].

En virtud de lo anterior, concluimos que carecemos de jurisdicción para atender el reclamo del peticionario.

**III.**

A la luz de lo antes expuesto, se desestima el recurso por falta de jurisdicción.

**Notifíquese.**

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[11] 3 LPRA sec. 9601 *et seq.*