ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| DEPARTAMENTO DE RECURSOS NATURALES Y AMBIENTALES<br><br>Recurrido<br><br>v.<br><br>HAMID CRESPO RUIZ H/N/C MOVIMIENTO DE TERRENO, DEPÓSITO Y ALMACENAJE DE MATERIAL DE LA CORTEZA TERRESTRE<br><br>Recurrente | KLRA202400029 | *Revisión Administrativa* procedente del Departamento de Recursos Naturales y Ambientales<br><br>Querella núm.: 23-037<br><br>Sobre: Orden de Hacer, Cese y Desistimiento y Mostrar Causa |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres, la Jueza Rivera Pérez y el Juez Campos Pérez.

Rivera Pérez, Jueza ponente.

**SENTENCIA**

En San Juan, Puerto Rico hoy, 27 de febrero de 2024.

Comparece ante nos el Sr. Hamid Crespo Ruiz (en adelante, Sr. Crespo Ruiz) mediante una *Petición de Revisión Administrativa* y nos solicita la revisión de una resolución emitida el 13 de noviembre de 2022 y notificada el 22 de noviembre de 2023 por el Departamento de Recursos Naturales y Ambientales (DRNA), mediante la cual dicha agencia declaró Ha Lugar la Querella Núm. 23-037.

Por los fundamentos que expondremos, se desestima el recurso por falta de jurisdicción.

**I**

Según surge del escrito del Sr. Crespo Ruiz, el 9 de marzo de 2023, notificada el 11 de abril de 2023, el DRNA presentó la Querella Núm. 23-037 en contra del Sr. Crespo Ruiz por violaciones al Reglamento para el Control de la Erosión y Prevención de la Sedimentación, Reglamento para el Manejo de Desperdicios Sólidos

Número Identificador

SEN2024_____

No Peligrosos, y el Reglamento para el Control de la Contaminación Atmosférica.

Luego de varios trámites procesales ante la agencia, el 13 de noviembre de 2022, notificada el 22 de noviembre de 2023, el DRNA emitió la resolución recurrida, mediante la cual declaró Ha Lugar la Querella Núm. 23-037 presentada en contra del Sr. Crespo Ruiz.

El 12 de diciembre de 2023, el Sr. Crespo Ruiz presentó una solicitud de reconsideración, la cual fue declarada No Ha Lugar por el DRNA mediante una resolución emitida el 18 de diciembre de 2023 y notificada el 21 de diciembre de 2023.

Inconforme con la determinación del DRNA, el Sr. Crespo Ruiz acudió ante nos el 22 de enero de 2024 mediante un recurso de revisión judicial, en el cual señala los errores siguientes:

> Erró el DRNA al anotar la rebeldía al peticionario sin expresar las razones para así hacerlo ni advertirle de su derecho de solicitar la reconsideración o revisión judicial de tal determinación.

> Erró el DRNA al declarar la Querella Ha Lugar sin brindar oportunidad al peticionario a presentar prueba ni impugnar o cuestionar la prueba del propio DRNA.

> Erró el DRNA al declarar la Querella Ha Lugar sin basar su determinación en el contenido del expediente administrativo ni sin que la funcionaria que emitió su determinación se familiarizara con el proceso.

En esa misma fecha, el Sr. Crespo Ruiz presentó ante nos una *Solicitud de Autorización para Radicación Posterior y Para Radicar una Sola Copia del Apéndice*. En lo pertinente, el Sr. Crespo Ruiz solicitó autorización para presentar su apéndice con posterioridad a la fecha de la presentación del escrito de revisión. Al respecto, indicó que "[a]unque hicimos todas las gestiones a nuestro alcance, [sic.] se nos hizo imposible coordinar la impresión y cosido del Apéndice."

El 25 de enero de 2024, emitimos una *Resolución* concediéndole un término de cinco (5) días a partir de la fecha de notificación de esta resolución al Sr. Crespo Ruiz para la presentación de su apéndice.

El 8 de febrero de 2024, emitimos nuevamente una *Resolución* concediéndole un término adicional de cinco (5) días al Sr. Crespo Ruiz para cumplir con lo ordenado y apercibiéndolo de que su incumplimiento podría conllevar la desestimación del recurso como sanción. Además, se ordenó a la Secretaria del tribunal notificar directamente esta resolución al Sr. Crespo Ruiz.

El 14 de febrero de 2024, emitimos otra *Resolución,* mediante la cual le concedimos un término de dos (2) días a la representación legal del Sr. Crespo Ruiz para informar la dirección del Sr. Crespo Ruiz para poder notificarle directamente de la *Resolución* de 8 de febrero de 2024. Nuevamente se le apercibió que su incumplimiento podría conllevar la imposición de una sanción económica, así como la desestimación del recurso.

El 20 de febrero de 2024, el DRNA presentó ante nos una *Solicitud de Desestimación.* En síntesis, el DRNA solicitó la desestimación del recurso de revisión alegando que el Sr. Crespo Ruiz incumplió con notificarle a la agencia el apéndice y con presentarlo ante el tribunal.

Transcurridos en excesos los términos concedidos al Sr. Crespo Ruiz y a su representante legal, procedemos a resolver.

**II**

**A.**

La *jurisdicción* se refiere al poder o autoridad de un tribunal para considerar y decidir casos, por lo que su ausencia priva a un foro judicial del poder necesario para adjudicar una controversia. *Metro Senior v. AFV,* 209 DPR 203, 208 (2022); *Allied Mgmt. Group, v. Oriental Bank,* 204 DPR 374, 385-386 (2020). En múltiples y variadas ocasiones, el Tribunal Supremo ha expresado que los tribunales debemos ser celosos guardianes de esa jurisdicción que nos ha sido concedida, examinando tal aspecto en primer orden, incluso cuando no haya sido planteado por ninguna de las

partes. *Horizon v. Jta. Revisora, RA Holdings*, 191 DPR 228, 234 (2014). Además, se ha señalado que los tribunales no tienen discreción para asumir jurisdicción donde no la hay. *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652 (2014); S.L.G. *Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011); *González v. Mayagüez Resort & Casino*, 176 DPR 848, 856 (2009).

Un recurso tardío es aquel que se presenta pasado el término provisto para recurrir. *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015). Por otra parte, un recurso prematuro es aquel que se presenta con relación a una determinación que está pendiente ante la consideración del tribunal apelado, es decir, que aún no ha sido finalmente resuelta. *Íd.* Un recurso prematuro, al igual que uno tardío, priva de jurisdicción al tribunal al cual se recurre. *Íd.* No obstante, existe una importante diferencia en las consecuencias que acarrea cada una de estas desestimaciones. *Íd.* La desestimación de un recurso por ser tardío priva fatalmente a la parte de presentarlo nuevamente, ante ese mismo foro, o ante cualquier otro. *Íd.*

La Regla 83(C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(C), autoriza al Tribunal de Apelaciones a desestimar un recurso, a iniciativa propia o solicitud de parte, cuando carezca de jurisdicción para atenderlo.

**B.**

En cuanto al contenido del recurso de revisión, la Regla 59(E)(1)(c) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 59(E)(1)(c), en lo pertinente, dispone lo siguiente:

> "(E) Apéndice
> (1) El recurso de revisión incluirá un Apéndice que contendrá una copia literal de:
> (a) Las alegaciones de las partes ante la agencia, a saber, la solicitud original, la querella o la apelación y las contestaciones a las anteriores hechas por las demás partes.
> (b) En el caso de la impugnación de una regla o reglamento, si no hubiere un trámite previo ante el foro administrativo, dicha regla o reglamento constituirá la primera parte del Apéndice.

(c) La orden, resolución o providencia administrativa objeto del recurso de revisión que se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, cuando procedieren.

(d) Toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión.

(e) Toda resolución u orden, y toda moción o escrito de cualquiera de las partes que forme parte del expediente original administrativo, en los cuales se discuta expresamente cualquier asunto planteado en el recurso de revisión o que sean relevantes a ésta.

(f) Cualquier otro documento que forme parte del expediente original en la Agencia y que pueda ser útil al Tribunal de Apelaciones en la resolución de la controversia.

(g) En caso de que en apoyo al recurso de revisión se haga referencia a una regla o reglamento, deberá incluirse en el Apéndice el texto de la regla o reglas, o la sección o secciones del reglamento que sea pertinente o pertinentes.

(2) El tribunal podrá permitir, a petición del recurrente en el recurso, en moción o motu proprio, a la parte recurrente la presentación de los documentos a que se refiere el subinciso (1) con posterioridad a la fecha de presentación del recurso de revisión, dentro de un término de quince días contado a partir de la fecha de notificación de la resolución del tribunal que autoriza los documentos.

La omisión de incluir los documentos del Apéndice no será causa de desestimación del recurso."

Es norma trillada de derecho que las partes tienen el deber de cumplir fielmente las normas para el perfeccionamiento de los recursos ante este foro apelativo. Estos deben observar rigurosamente las disposiciones reglamentarias establecidas para la forma, contenido, presentación y notificación de los escritos ante nos. *Hernández Jiménez, et als. v. AEE,* 194 DPR 378, 382-383 (2015). Ello, ante la necesidad de colocar a los tribunales apelativos en posición de decidir correctamente los casos, contando con un expediente completo y claro de la controversia que tiene ante sí. *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90 (2013).

De no observarse las disposiciones reglamentarias sobre el perfeccionamiento, nuestro ordenamiento autoriza la desestimación del recurso. Véase, *Hernández Maldonado v. Taco Maker,* 181 DPR 281, 290 (2011). Claro está, ante la severidad de esta sanción, nuestro Tribunal Supremo exige que nos aseguremos que el

quebrantamiento de dichos postulados haya provocado un impedimento real y meritorio para que podamos considerar el caso en los méritos. Por lo tanto, solo si se cumple con dicho parámetro procederá la desestimación. *Román et als. v. Román et als.*, 158 DPR 163, 167 (2002).

En suma, la parte compareciente tiene que perfeccionar su recurso al tenor de los preceptos de la ley vigentes y de nuestro reglamento. De lo contrario, este Tribunal no estará en posición de revisar el dictamen recurrido. *Morán v. Martí*, 165 DPR 356 (2005).

**III**

Examinado el recurso de revisión presentado por el Sr. Crespo Ruiz, encontramos que este no incluyó el apéndice requerido por Nuestro Reglamento. Por tal razón, le concedimos tres (3) oportunidades, durante el último mes, al Sr. Crespo Ruiz de perfeccionar su recurso de manera que pudieramos estar en posición de atender su reclamo.

Sin embargo, transcurridos los términos concedidos al Sr. Crespo Ruiz sin que este haya cumplido con nuestras órdenes y perfeccionado su recurso de revisión, nos vemos forzados a desestimarlo.

Según expusimos, la Regla 59(E)(1)(c) del Reglamento del Tribunal de Apelaciones, *supra*, requiere que el recurso de revisión incluya un apéndice que contenga, ente otros documentos, una copia de "[l]a orden, resolución o providencia administrativa objeto del recurso de revisión que se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, cuando procedieren."

A pesar de que nuestro Reglamento dispone que la omisión de incluir los documentos del apéndice no será causa de desestimación del recurso, en el presente caso dicha omisión interfiere con nuestra facultad revisora.

No estamos en posición de poder determinar si tenemos jurisdicción para atender el presente recurso de revisión, ya que no contamos con todos los documentos necesarios para poder acreditar que el recurrente compareció ante nos dentro del término legal correspondiente. Mucho menos estamos en posición de poder resolver la controversia que se nos plantea, pues desconocemos los hechos y las conclusiones de derecho en que está fundada la determinación del dictamen recurrido. Ello, a pesar de las oportunidades que le fueron concedidas a la parte recurrente para presentar los documentos que requiere nuestro reglamento.

Por lo tanto, procedemos a desestimar el presente recurso de revisión por incumplimiento con los requisitos mínimos para su perfeccionamiento.

**IV**

Por los fundamentos expuestos, de conformidad a la Regla 83(C) del Reglamento del Tribunal de Apelaciones, *supra,* se desestima el recurso de revisión.

Notifíquese.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones