EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Andrés Román Velázquez, et als. Peticionarios | Certiorari |
| v. | 2002 TSPR 127 |
| Andrés Román Hernández, et als. Recurrido | 157 DPR _____ |
| Andrés Román Rosado, et als. Parte Interventora | |

Número del Caso: AC-2001-25

Fecha: 24/septiembre/2002

Tribunal de Circuito de Apelaciones:
              Circuito Regional III

Juez Ponente:
              Hon. Ismael Colón Birriel

Abogado de la Parte Peticionaria:
              Lcdo. Jorge A. Vera Vélez

Abogado de la Parte Recurrida:
              Lcdo. Rafael Cardona Campos

Abogado de la Parte Interventora:
              Lcdo. Juan E. Taboas Santiago

Materia: Desahucio

        Este documento constituye un documento oficial del Tribunal Supremo
        que está sujeto a los cambios y correcciones del proceso de
        compilación y publicación oficial de las decisiones del Tribunal.
        Su distribución electrónica se hace como un servicio público a la
        comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Andrés Román Velázquez, et als

    Peticionarios

          v.

Andrés Román Hernández, et als       AC-2001-25

    Recurrido

Andrés Román Rosado, et als

    Parte Interventora



PER CURIAM


San Juan, Puerto Rico a 24 de septiembre de 2002


I


**El señor Andrés Román Hernández (en adelante Sr. Román Hernández o recurrido) y la señora Marcia Velázquez Díaz (en adelante Sra. Velázquez Díaz) contrajeron matrimonio en 1969.  Luego de vivir un tiempo en la casa del señor Andrés Román Rosado (en adelante Sr. Román Rosado o interventor) y la señora Hortensia Álvarez, padres del recurrido, el matrimonio se trasladó a una casa de cemento construida en terreno del interventor y su esposa.  El matrimonio hizo reparaciones y mejoras a la casa.**

El 15 de julio de 1988, el Sr. Román Hernández y la Sra. Velázquez Díaz presentaron una petición de divorcio. Luego de disuelto el vínculo matrimonial, la Sra. Velázquez Díaz y los hijos habidos en el matrimonio continuaron viviendo en la casa, a la cual se le hicieron mejoras y reparaciones. Casi diez (10) años después, la Sra. Velázquez Díaz y el Sr. Román Hernández llegaron a un acuerdo en el cual el recurrido podía vivir en la marquesina de la residencia a cambio de doscientos dólares ($200) mensuales. Durante los primeros meses, el recurrido pagó los $200 mensuales. Al dejarlos de pagar, la Sra. Velázquez Díaz presentó ante el Tribunal de Primera Instancia, Sala Superior de Arecibo una demanda de desahucio contra el recurrido.

Luego de múltiples incidentes procesales,[1] el tribunal de instancia dictó sentencia en la cual condenó a la Sra. Velázquez Díaz a pagar tres mil dólares ($3,000) al Sr. Román Hernández, el Sr. Román Hernández pagaría mil quinientos dólares ($1,500) al Sr. Román Rosado y el Sr. Román Rosado pagaría ochocientos cincuenta y dos dólares ($852) a la Sra. Velázquez Díaz. Todas estas cuantías las determinó al concluir que, en correcta metodología jurídica, lo que procedía era la liquidación de la sociedad legal de bienes gananciales habida entre la Sra. Velázquez Díaz y el Sr. Román Hernández. A tenor con lo resuelto, estimó innecesario disponer sobre la solicitud de desahucio. La sentencia se notificó y archivó en autos el 22 de enero de 2001.

Dentro del último día hábil, el 21 de febrero de 2001, la parte demandante, aquí peticionaria, Sr. Andrés Román Velázquez y otros,

---

[1] Entre estos trámites se encuentran la inclusión de los hijos de la Sra. Velázquez Díaz y el Sr. Román Hernández como demandantes, y la de aceptar la intervención del padre del Sr. Román Hernández, el Sr. Román Rosado, como parte interventora.

presentó su escrito de apelación ante el Tribunal de Circuito de Apelaciones (en adelante Tribunal de Circuito). Dos (2) días después de presentado, la representación legal de la parte peticionaria incluyó varios documentos que no había incluido en el apéndice del escrito de apelación.[2] Entre los documentos añadidos estaban: (1) la contestación a la demanda; (2) una moción de la parte demandante peticionaria solicitando unir al expediente el Caso Civil RF 88-1431 (Sala de Relaciones de Familia); (3) el memorial del demandante de 30 de octubre de 1998; (4) la moción de reconsideración del demandado y; (5) la solicitud de intervención del Sr. Román Rosado.

Luego de una moción presentada por la parte interventora recurrida, señor Román Rosado y otros, arguyendo que procedía la desestimación del recurso debido a la presentación de un apéndice incompleto, y una moción en oposición a la desestimación presentada por la parte demandante peticionaria, el Tribunal de Circuito emitió sentencia el 20 de marzo de 2001, notificada el 5 de abril de 2001. Éste acogió los planteamientos de la parte interventora y desestimó la demanda al concluir que los documentos que faltaban eran esenciales para que el tribunal descargara su función revisora, por lo tanto, el Tribunal no tenía jurisdicción.

Inconforme con este dictamen, la parte demandante acudió ante nos el 7 de mayo de 2001. El interventor-recurrido presentó una solicitud de desestimación alegando que el recurso se había presentado ante nos fuera del término jurisdiccional. Luego de analizar este planteamiento, denegamos dicha moción de desestimación

---

[2] Estos documentos fueron devueltos a la parte ya que no habían incluido el arancel requerido de un dólar ($1). Despúes de corregir esta deficiencia, presentaron los documentos adicionales el 5 de marzo de 2001.

y concedimos el término de treinta (30) días para expresarse sobre el recurso presentado en los méritos. Con el beneficio de la comparecencia de ambas partes, procedemos a resolver sin ulterior trámite.

II

Para perfeccionarse la apelación de forma tal que el tribunal apelativo pueda resolverla en los méritos, usualmente han de incluirse en el apéndice del recurso una copia de las alegaciones más otros documentos que formen parte del expediente original que hagan posible la correcta solución del caso en los méritos. Regla 53.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III; Regla 13(A) del Reglamento del Tribunal de Circuito, 4 L.P.R.A. Ap. XXII-A.

En Codesi, Inc. v. Mun. de Canóvanas, res. el 24 de marzo de 2000, 150 D.P.R. ___ (2000), 2000 T.S.P.R. 48, 2000 JTS 61, 883 expresamos que "el Reglamento visualiza el [a]péndice como la recopilación documental, de los escritos acumulados durante el trámite en el Tribunal de Primera Instancia, esto es copia sustitutiva de los autos originales". Véase, además, Mfrs. H. Leasing v. Carib. Tubular Corp., 115 D.P.R. 428 (1984).

Un recurso que carece de un apéndice, con los documentos necesarios para poner al tribunal en posición de resolver, impide su consideración en los méritos. Maldonado v. Pichardo, 104 D.P.R. 778, 783 (1976). Mfrs. H. Leasing v. Carib. Tubular Corp., supra, pág. 430; Cruz Castro v. Ortiz Montalvo, res. el 27 de abril de 2001, 154 D.P.R.___ (2001), 2001 T.S.P.R. 59, 2001 JTS 62.

Ahora bien, como regla general, el mecanismo procesal de la desestimación como sanción debe utilizarse como último recurso. Por

consiguiente, cuando el tribunal utiliza dicho mecanismo procesal en casos de incumplimiento con su Reglamento, debe cerciorarse primero que el incumplimiento haya provocado un impedimento real y meritorio para que el tribunal pueda atender el caso en los méritos. De esta manera se concilian el deber de las partes de cumplir con los Reglamentos procesales y el derecho estatutario de todo ciudadano a que su caso rea revisado por un panel colegiado de tres (3) jueces. Con este balance en mente, el tribunal apelativo puede y debe usar medidas intermedias menos drásticas dirigidas al trámite y perfeccionamiento diligente de los recursos de apelación.

## III

En el caso de autos, la parte peticionaria omitió incluir en el apéndice: (1) la contestación a la demanda; (2) la moción de la parte demandante (aquí peticionaria) solicitando unir al expediente el Caso Civil RF 88-1431, (3) el memorial del demandante de 30 de octubre de 1998, (4) la moción de reconsideración del demandado y, (5) la solicitud de intervención del Sr. Román Rosado.

De los documentos que se incluyeron originalmente en el apéndice, surgen claramente las controversias de hecho que se presentaron en la contestación a la demanda, documento que fuera omitido en el apéndice original y que nada añade a la información que ya tiene el tribunal. La falta de incluir en el apéndice la contestación a la demanda no impide el que se pueda revisar adecuadamente el recurso presentado ante el Tribunal de Circuito.

De otra parte, la moción de la parte demandante (peticionaria) solicitando se uniera al expediente el Caso Civil RF-88-1431, aunque podría ayudar a la revisión, su omisión no la impide. La Sentencia

de divorcio en dicho caso está incluida en el expediente, por lo que la moción resulta ser simplemente acumulativa en cuanto a la información que el tribunal ya tenía ante sí para entrar en los méritos del caso. El memorial de derecho preparado por la parte demandante peticionaria, sencillamente provee una trayectoria de un caso que procesalmente estaba en sus inicios; una breve relación de hechos, similares a los que aparecen alegados en otros documentos que fueron incluidos en el apéndice; y una discusión de derecho, cuyos argumentos se reiteran en otros documentos del apéndice. La moción de reconsideración tampoco aporta argumento legal nuevo, ya todos han sido recogido en los demás documentos.

Respecto a la Moción de intervención del Sr. Román Rosado, los documentos presentados en el apéndice dentro del término jurisdiccional fueron suficientes para poner al Tribunal de Circuito en posición de conocer la razón para la solicitud de intervención y el hecho de que dicha intervención fue aceptada por el tribunal de instancia.

Ante las circunstancias expuestas, consideramos que la desestimación del recurso por el Tribunal de Circuito fue una sanción demasiado drástica. Abona a nuestra conclusión el hecho de que de la sentencia de instancia también se desprende la naturaleza de la controversia planteada.

De todo lo antes expuesto surge con meridiana claridad que los documentos omitidos en el apéndice del recurso presentado ante el Tribunal de Circuito, no eran realmente esenciales para adjudicar la controversia en los méritos, ni para constatar la jurisdicción del Tribunal.

Por los fundamentos que anteceden, acogido el recurso como uno de certiorari por ser el apropiado, se expide el auto y se revoca

la sentencia mediante la cual el Tribunal de Circuito desestimó el recurso presentado ante dicho Tribunal.  Se devuelve el caso al Tribunal de Circuito para que proceda a atenderlo en los méritos.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Andrés Román Velázquez, et als

    Peticionarios

        v.

Andrés Román Hernández, et als      AC-2001-25

    Recurrido

Andrés Román Rosado, et als

    Parte Interventora


SENTENCIA


San Juan, Puerto Rico a 24 de septiembre de 2002


**Por los fundamentos expuestos en la Per Curiam que antecede, se acoge el recurso de apelación como uno de certiorari por ser el apropiado y se expide. Así expedido, se revoca la sentencia mediante la cual el Tribunal de Circuito desestimó el recurso presentado ante dicho Tribunal y se devuelve el caso a dicho foro para que proceda a atenderlo en los méritos.**

**Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López concurre con el resultado sin opinión escrita. El Juez Asociado señor Corrada del Río disiente haciendo constar que confirmaría la sentencia del Tribunal de Circuito de Apelaciones por ser sustancialmente correcta. El Juez Asociado señor Rivera Pérez disiente sin opinión escrita.**


                          Patricia Otón Olivieri
                    Secretaria del Tribunal Supremo