Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| SAMUEL AYENDE NEGRÓN; MARÍA CAROLINA SUTUJ<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE LA FAMILIA<br><br>Recurrida | KLRA202300654 | Revisión Judicial Procedente del Departamento de la Familia, Región de Mayagüez<br><br>Apelación Núm.:<br>2023 PPSF 00023<br><br>Sobre:<br>Protección a menores con fundamento |

Panel integrado por su presidente el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

Mateu Meléndez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 16 de enero de 2024.

El 20 de diciembre de 2023, se recibió en este Tribunal de Apelaciones un escrito firmado por el Sr. Samuel Ayende y la Sra. María Carolina Sutuj (en adelante de forma conjunta los peticionarios). En este, solicitan nuestra intervención en cuanto a la Apelación Núm. 2023 PPSF 00023 ante la Junta Adjudicativa del Departamento de la Familia.

Estudiado el escrito sometido por los peticionarios, no tenemos más alternativa que declararnos sin jurisdicción para atender el asunto traído ante nos, por estos. Por tal razón, conforme autoriza la Regla 7(B)(5) de nuestro Reglamento, 4 LPRA Ap. XXII-B R. 7(B)(5), prescindimos de cualquier comparecencia y, según explicamos más adelante debemos hacer, **desestimamos** el recurso de epígrafe por falta de jurisdicción. Veamos.

I.

-A-

La jurisdicción es el poder o autoridad con el que contamos los tribunales para considerar y decidir los casos y controversias que nos son presentados ante nuestra consideración. Beltrán Cintrón et al. v. ELA et al.,

Número Identificador

SEN2024 _____

204 DPR 89, 101 (2020); Torres Alvarado v. Madera Atiles, 202 DPR 495, 499-500 (2019).    En Puerto Rico, aun cuando los tribunales poseemos jurisdicción general, adquirimos autoridad para entender sobre los asuntos judiciales por virtud de ley.  Por tanto, no la podemos atribuir ni las partes no las pueden otorgar.

Acorde con la norma imperante, estamos emplazados a ser fieles guardianes de nuestra jurisdicción y carecemos de discreción para asumirla donde no la hay. Allied Mgmt. Group v. Oriental Bank, 204 DPR 374, 386 (2020); S.L.G. Szendrey-Ramos v. F. Castillo, 169 DPR 873, 882 (2007).  Ello es así, toda vez que la ausencia de jurisdicción no es susceptible de ser subsanada e incide de forma consustancial con la autoridad que nos ha sido conferida para atender en los méritos una controversia o un asunto sobre un aspecto legal.  Allied Mgmt. Group v. Oriental Bank, *supra*; Peerless Oil v. Hnos. Torres Pérez, 186 DPR 239, 250-251 (2012).  De esa forma, si al hacer el análisis jurisdiccional, concluimos, que carecemos de jurisdicción para adjudicar la cuestión ante nuestra consideración, tenemos el deber de así declararlo y proceder con la desestimación del recurso apelativo.

-B-

En nuestro ordenamiento jurídico se le reconoce a todo ciudadano el derecho estatutario a recurrir de las decisiones de un organismo inferior. Isleta v. Inversiones Isleta Marina, 203 DPR 585 (2019), al citar a Hernández Jiménez et al. v. AEE et al., 194 DPR 378 (2015). Tal derecho, sin embargo, está sujeto a limitaciones legales y reglamentarias, entre las que se encuentra su correcto perfeccionamiento. Isleta v. Inversiones Isleta Marina, *supra*, al mencionar a García Morales v. Mercado Rosario, 190 DPR 632 (2014).

De otra parte, es harto conocido que las disposiciones reglamentarias que rigen el perfeccionamiento de los recursos apelativos deben observarse rigurosamente y su cumplimiento no puede quedar al arbitrio de las partes

o sus abogados. *Íd*. Véase también, <u>Hernández Maldonado v. Taco Maker</u>, 181 DPR 281 (2011). Es por ello que, ante el rigor requerido, se autoriza la desestimación de aquel recurso que incumpla con las disposiciones reglamentarias de fondo y forma. *Íd*. Sin embargo, dado a la severidad de esta sanción, los tribunales deberán cerciorarse primero de que el incumplimiento haya provocado un impedimento real y meritorio para que pueda atender el caso en los méritos. <u>Román et als v. Román et als</u>, 158 DPR 163, 167-168 (2002).

En cuanto a las disposiciones reglamentarias antes aludidas, es de particular importancia para el caso de autos la Regla 59(C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R. 59(C), que establece cuál es el contenido que deberá tener el recurso de revisión. Así, la referida regla establece que, entre otras cosas, tal recurso deberá contener: una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso, un señalamiento breve y conciso de los errores que a juicio de la parte recurrente cometió el organismo administrativo y una discusión de los errores señalados, incluyendo las disposiciones de la jurisprudencia aplicable.

De otra parte, y en lo concerniente al asunto de epígrafe, es importante señalar que el Artículo 4.006 de la Ley de la Judicatura de Puerto Rico, 4 LPRA Sec. 24, *et seq.*, dispone, entre otras cosas, que este Tribunal de Apelaciones conocerá mediante recurso de revisión judicial de las decisiones, órdenes y resoluciones finales de organismos y agencias administrativas. De igual forma, y en cuanto a ello, la Sección 4.2 de la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, establece que una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios ante esta, podrá presentar una solicitud de revisión ante este foro apelativo.[1] La solicitud de

---

[1] 3 LPRA Sec. 9672.

revisión **deberá ser sometida dentro del plazo de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia**.[2]

II

Según arriba señalamos, los peticionarios acuden ante este Tribunal de Apelaciones en relación con la Apelación Núm. 2023PPSF00023 ante la Junta Adjudicativa del Departamento de la Familia. En su escrito, en síntesis, nos explican que fueron acusados de maltrato de sus hijos menores, por alegadamente mantenerlos hasta altas horas de la noche con el uniforme de la escuela y gritarles, niegan las alegaciones imputadas y afirman ser padres responsables. Asimismo, señalan que la Junta Adjudicativa se negó a atender la apelación que sometieron ante su consideración por haberse presentado luego de los 15 días desde que se notificó la determinación que interesaban atender, explicando las gestiones que realizaron al recibir la misma.

En cuanto a este último particular, debemos resaltar que, del documento sometido por los peticionarios, así como de sus propias manifestaciones y del único documento que acompañaron con su escrito,[3] surge claramente nuestra ausencia de jurisdicción. Más allá de la falta de jurisdicción que pudiéramos decretar ante el incumplimiento craso de los peticionarios con las disposiciones reglamentarias relativas al perfeccionamiento de los recursos administrativos citadas antes, una lectura del propio documento sometido por estos, permite notar que la

---

[2] Igual plazo está establecido en la Regla 57 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R. 57, para someter el escrito inicial de revisión administrativa.

[3] Debido a la copia que produjeron los peticionarios de la *Resolución en reconsideración* que la Junta Adjudicativa del Departamento de la Familia emitió **el 31 de enero de 2023** para atender un *Escrito de reconsideración* es el único documento del caso que nos fue provisto, desconocemos los hechos procesales importantes y permitentes del caso, las decisiones específicas alcanzadas contra estos por el Departamento de la Familia y el contenido de cualquier documento sometido por los peticionarios ante la Junta Adjudicativa del Departamento de la Familia, así como de cualquier otro documento, más allá del reproducido, que la agencia hubiera emitido.

determinación cuya apelación interesaban someter ante la Junta Apelativa se notificó el **25 de enero de 2022**.

Como antes indicamos, conforme el derecho vigente, quien interese ejercer su derecho de recurrir de una determinación administrativa podrá así hacerlo. Sin embargo, y con tal propósito, deberá cumplir con las limitaciones legales y reglamentarias. Por medio del escrito sometido ante nuestra consideración, los peticionarios pretenden que intervengamos en un caso, sin siquiera señalarnos una decisión administrativa que pueda ser revisable. Más aún, la única determinación administrativa provista por ellos fue emitida e**l 31 de enero de 2023**, por lo que, de haber estado inconforme con ella, tenían la obligación de haber comparecido ante este Tribunal dentro del término jurisdiccional arriba citado. Sin lugar a duda, y por todas estas razones, carecemos de jurisdicción debiendo desestimar el recurso sin más.

### III

Por todo lo antes expuestos, desestimamos el recurso de epígrafe por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones
