ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **EVALIZ RIVERA MEDINA y NITZA LÓPEZ AVILÉS**<br><br>Recurrente<br><br>v.<br><br>**B & K AUTO CORP.; ANIBAL BALBUENA; PENTAGON FEDERAL CREDIT UNION**<br><br>Recurrido | KLRA202400067 | **REVISIÓN** procedente del Departamento de Asuntos del Consumidor<br><br>Caso Núm:<br>**SAN-2023-0012541**<br><br>Sobre:<br>Compra Venta de Vehículo de Motor |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Cintrón Cintrón, Jueza Ponente.

### SENTENCIA

En San Juan, Puerto Rico, a 21 de febrero de 2024.

Mediante *Recurso de Revisión Administrativa,* acompañado de una *Solicitud y Declaración para que se Exima de Pago el Arancel por Razón de Indigencia*[1], comparece ante este Foro, por derecho propio, la señora Evaliz Rivera Medina (señora Rivera Medina o recurrente). Aunque en su escrito no hace referencia específica a la determinación administrativa que procura revisemos, entendemos que solicita la revisión de la *Resolución* dictada por el Departamento de Asuntos del Consumidor (DACo), el 15 de septiembre de 2023, notificada el 27 del mismo mes y año. Por medio de dicha *Resolución,* el DACo declaró *Ha Lugar* la querella presentada por la señora Rivera Medina en contra de la parte coquerellada, B&K Auto, Corp.[2]

---

[1] Se declara *ha lugar* dicha petición.
[2] Asimismo, desestimó la querella de epígrafe presentada en contra de la parte coquerellada, Pentagon Federal Credit Union.

Hemos analizado el expediente cuidadosamente y, debido a que el recurso de revisión judicial se presentó tardíamente, procede su desestimación por falta de jurisdicción.

**I.**

**A**.

Es norma trillada de derecho que las partes -incluso los que comparecen por derecho propio- tienen el deber de cumplir fielmente las normas para el perfeccionamiento de los recursos ante este foro apelativo. Es decir, estos deben observar rigurosamente las disposiciones reglamentarias establecidas para la forma, contenido, presentación y notificación de los escritos. *Hernández Jiménez, et als. v. AEE*, 194 DPR 378, 382-383 (2015). Ello, ante la necesidad de colocar a los tribunales apelativos en posición de decidir correctamente los casos, con el beneficio de un expediente completo que permita conocer claramente la controversia que tiene ante sí. *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013).

De no observarse las disposiciones reglamentarias sobre el perfeccionamiento, nuestro ordenamiento autoriza la desestimación del recurso. Véase, *Hernández Maldonado v. Taco Maker,* 181 DPR 281, 290 (2011). Claro está, ante la severidad de esta sanción, nuestro Tribunal Supremo exige que nos aseguremos que el quebrantamiento de dichos postulados haya provocado un impedimento real y meritorio para que podamos considerar el caso en los méritos. Por lo tanto, solo si se cumple con dicho parámetro procederá la desestimación. *Román et als. v. Román et als.*, 158 DPR 163, 167 (2002).

**B.**

Como es sabido, los tribunales deben ser guardianes celosos de la jurisdicción, la cual se define como "el poder o autoridad con el que cuenta un tribunal para considerar y decidir los casos y controversias ante su consideración". *Metro Senior v. AFV*, 209 DPR

203 (2022); *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020). Las cuestiones de jurisdicción deben ser resueltas con preferencia, toda vez que la falta de esta no es susceptible de ser subsanada. El foro judicial carece de discreción para asumir jurisdicción donde no la hay, por lo que, si un tribunal se percata que no la tiene, debe así declararlo y desestimar el caso. *Ruiz Camilo v. Trafon Group Inc.*, 200 DPR 254, 268 (2018); *Hernández Colón v. Policía de Puerto Rico*, 177 DPR 121, 135 (2009); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).

En lo concerniente al caso de autos, la Sección 4.2 de la Ley Núm. 38-2017, conocida como la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (en adelante, LPAU), 3 LPRA sec. 9672, autoriza que se solicite la revisión judicial de decisiones administrativas. En esta Ley se establece el término jurisdiccional que tiene una parte afectada para instar un recurso de esta índole:

> Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la sec. 9655 de este título, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración.

A su vez, la sección 9655 dispone que:

> La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. [...] 3 LPRA sec. 9655.

A su vez, la Regla 57 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 57, establece un término jurisdiccional de 30 días para presentar el escrito inicial de revisión judicial ante la Secretaría del Tribunal de Apelaciones. El mencionado término comienza a transcurrir desde el archivo en autos de copia de la notificación de la resolución final de la agencia administrativa.

Así, un recurso presentado pasado el término provisto para recurrir se conoce como un "recurso tardío". *Yumac Home v. Empresas Masso*, 194 DPR 96, 107 (2015). Un recurso tardío priva de jurisdicción al tribunal al cual se recurre e igualmente priva a la parte de presentarlo nuevamente, ante ese mismo foro, o ante cualquier otro. *Íd.*; *Torres Martínez v. Ghigliotty*, 175 DPR 83 (2008). En armonía con lo anterior, la Regla 83(B)(1) y (C) del Reglamento del Tribunal de Apelaciones, *supra*, R. 83(B)(1) y (C), nos faculta, por iniciativa propia o a la solicitud de parte, a desestimar un recurso cuando carecemos de jurisdicción para atenderlo.

**II.**

En la presente causa, la recurrente instó el recurso que nos ocupa el 8 de febrero de 2024. La notificación de la *Resolución* que impugna ocurrió el 27 de septiembre de 2023.

Según expuesto, las resoluciones finales dictadas por las agencias administrativas pueden ser revisables por este Foro mediante la presentación de un recurso dentro de los 30 días siguientes a la fecha en que esta fue notificada. Dicho término es de carácter jurisdiccional.

En este caso, desde el 28 de septiembre de 2023 comenzó a transcurrir el término aplicable para solicitar la revisión de la decisión concernida. Ante ello, es claro que la recurrente tenía hasta el 27 de octubre de 2023 para presentar su recurso de revisión judicial. No obstante, esta acudió ante nos tardíamente.

Frente a lo enunciado, carecemos de autoridad para poder intervenir y adjudicar la causa de epígrafe. Dicha decisión nos obliga a desestimar la acción ante nuestra consideración, por constituir el único proceder adecuado, toda vez que la falta de jurisdicción no puede ser subsanada ni el tribunal puede arrogársela cuando no la hay. *González v. Mayagüez Resort & Casino,* 176 DPR 848, 855 (2009).

### III.

Por los fundamentos que preceden, desestimamos el recurso de epígrafe por falta de jurisdicción, ante su presentación tardía.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones