ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Parte Recurrida<br><br>v.<br><br>ROLANDO FERRAO RIVERA<br><br>Parte Peticionaria | KLCE202400416 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Crim. Núm.:<br>D VI2003G0057<br><br>Sobre:<br>Art. 83 C.P. 1974 |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Rodríguez Flores, Juez Ponente.

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 11 de julio de 2024.

Comparece por derecho propio y en forma *pauperis* el señor Rolando Ferrao Rivera (en adelante, peticionario) mediante recurso de *certiorari*, remitido por correo el 8 de abril de 2024, y recibido en nuestra Secretaría el 10 de abril de 2024. Solicita que revisemos la *orden* emitida el 9 de febrero de 2024, y archivada en autos y notificada a las partes el 13 de febrero de 2024, por el Tribunal de Primera Instancia (TPI), Sala Superior de Bayamón, que denegó su solicitud para que se revocara su sentencia condenatoria por no haber sido producto de un veredicto unánime.

Luego de que emitiéramos una resolución a tales efectos, el 7 de junio de 2024, el Pueblo de Puerto Rico, representado por la Oficina del Procurador General, compareció mediante *Escrito en Cumplimiento de Orden y Solicitud de Desestimación*.

Examinados los escritos presentados, y por los fundamentos que expondremos a continuación, denegamos expedir el auto de *certiorari*.

**I.**

En este caso, el peticionario solicitó al TPI que revisara su sentencia condenatoria, presuntamente dictada el 24 de noviembre de 2003, por no haber sido producto de un veredicto unánime. Plantea que tiene derecho a la aplicación retroactiva de la normativa de veredicto unánime establecida por el Tribunal Supremo de Estados Unidos en el caso *Ramos v. Louisiana,* 140 S. Ct. 1390 (2020). En específico, señala que:

> Erró el Honorable Tribunal al declarar no ha lugar la moción solicitando aplicación retroactiva, instada por el recurrente, al ser dicha moción una clara y muy específica en cuanto al derecho de un acusado de un veredicto de unanimidad de un jurado.

También arguye que el procedimiento criminal que culminó en su convicción estuvo viciado por no haberse cumplido con los principios de un debido proceso de ley, presunción de inocencia, derecho a un juicio justo e imparcial y probar su culpabilidad más allá de duda razonable.

No obstante, el recurso incumple sustancialmente con las Reglas 32 y 34 de nuestro Reglamento, relativas al contenido y forma de los escritos de *certiorari.* 4 LPRA Ap. XXII-B, R. 32 y 34.

Conforme surge de los documentos unidos al recurso, la orden de la cual recurre fue emitida el 9 de febrero de 2024, y notificada a las partes el 13 de febrero de 2024.[1] El peticionario alega haber recibido la notificación de la determinación el 13 de marzo de 2024, y tomó como punto de partida para computar el término para recurrir ante este Tribunal la mencionada fecha. Sin embargo, no proveyó documento alguno que valide su alegación. Esta omisión nos impide verificar si el recurso se presentó de manera oportuna y, por tanto, constatar y acreditar nuestra jurisdicción para atenderlo en sus méritos.

---

[1] Véase, Anejo 2 del recurso.

Además, el peticionario tampoco incluyó copia de la acusación, de la sentencia dictada, de las resoluciones u órdenes del tribunal y las mociones o escritos de cualquiera de las partes que formaron parte del expediente original, relevantes a lo planteado en este recurso. La ausencia de tales documentos nos imposibilita ejercer nuestra función revisora. *Román et als. v. Román et als.*, 158 DPR 163, 167 (2002).

Por otro lado, las propias aseveraciones del peticionario demuestran que la sentencia objeto del ataque colateral adquirió la cualidad de final y firme. Por tanto, su solicitud no procede conforme al estado actual de nuestro ordenamiento jurídico. *Ramos v. Louisiana,* supra. La norma no aplica a casos con sentencias condenatorias finales y firmes, como surge que es la sentencia del peticionario a la luz de la información incluida por éste en su recurso.

En consideración a lo anterior, no identificamos fundamentos jurídicos que nos muevan a expedir el auto de *certiorari,* conforme a los criterios que guían nuestra discreción para ejercer nuestra facultad revisora en este tipo de recursos. Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40.

**II.**

Por los fundamentos que anteceden, denegamos expedir el auto de *certiorari.*

**Notifíquese.**

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones