Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| OBE E. JOHNSON Recurrente v. DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN Recurrida | KLRA202400463 | Revisión Judicial Procedente del Departamento de Corrección y Rehabilitación Querella Núm.: 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 Remedio Administrativo Núm.: GMA500-1387-23 Sobre: Respuesta al Miembro de la Población Correccional |
|---|---|---|

Panel integrado por su presidente el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Mateu Meléndez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de agosto de 2024.

El 20 de agosto de 2024, se recibió en este Tribunal de Apelaciones un escrito sometido por el Sr. Obe E. Johnson (en adelante, el recurrente) que tituló *Seeking Certiorari-Review*. Estudiado minuciosamente el escrito, así como la documentación que el recurrente sometió con el mismo, nos vemos forzados a desestimar el recurso. Nos explicamos.

**-I-**

Según podemos entrelazar de los documentos que el recurrente incluyó con su escrito, el 29 de noviembre de 2023 el teniente Wilfredo Santiago Ortiz sometió un *Informe Disciplinario* contra el recurrente, en el cual se alega que este incurrió en los Actos Prohibidos de Nivel II; Códigos 228 y 233 del Reglamento para establecer el Procedimiento Disciplinario de la Población Correccional del 8 de octubre de 2020 del Departamento de

Número Identificador

SEN2024 _____

Corrección y Rehabilitación (en adelante, Reglamento 9221).[1] El 13 de diciembre de 2023, se emitió *Citación para Vista Administrativa Disciplinaria* a celebrarse el 4 de enero de 2024. El 12 de enero de este año, el Departamento de Corrección y Rehabilitación (en adelante, Departamento) emitió *Resolución (Querella Disciplinaria)* en la que el Oficial Examinador de Vistas Disciplinarias determinó que el recurrente cometió los actos prohibidos imputados. En virtud de ello, a modo de sanción estableció:

> "Amonestación por escrito. Se amonesta al querellado sobre el incidente que dio base para la radicación de la querella. Se orienta que debe entregar al Comandante la mitad de aquella correspondencia legal que actualmente constituye exceso de pertenencias dentro de su celda. La misma deberá ser entregada y se guardará dentro de una caja debidamente identificada con el nombre del querellado. La caja deberá ser ubicada en el lugar a ser determinado por el Superintendente de la Institución. En caso de que el querellado necesite revisar algún documento legal que se guarde en la caja, se le debe dar esa oportunidad en caso de ser necesario para el confinado en algún asunto que tenga pendiente en los Tribunales."

Sobre estos hechos, el recurrente presentó una solicitud de remedio administrativo a la que se le asignó el número GMA500-1387-23. El Apéndice sometido por el recurrente no contiene el formulario de dicha petición, por lo que desconocemos las alegaciones específicas levantadas allí por él. No obstante, sí se incluyó la respuesta emitida por el Departamento del **19 de marzo de 2024**, en la que al responder se le indicó al recurrente lo siguiente: "Por nuestra reglamentación y las inspecciones

---

[1] La Regla 16 del Reglamento 9221 describe como actos prohibidos nivel II (menos grave) los siguientes Códigos:

(228) No mantener el Código de Higiene, Limpieza, Salubridad o Seguridad del Área de Vivienda- Todo miembro de la población correccional deberá mantener su área de vivienda o celda limpia, libre de artículos o materiales que entorpezcan el movimiento en la misma o que puedan crear riesgos a su seguridad o la de otros, de acuerdo a las normas establecidas por el departamento de Corrección y Rehabilitación.

[…]

(233) Desobedecer una Orden Directa- Consistente en desobedecer, ignorar o rehusarse a seguir una orden directa válida emitida por parte de un empleado del DCR o que firme como su representante para dicha gestión. Incluye sin limitarse:

   a.  desobedecer cualquier directriz administrativa; o
   b.  negarse a recoger artículos o basura que el propio miembro de la población correccional haya colocado, tirado, escondido o botado en un área no destinada para ello.

de Bomberos no se puede permitir dentro de las celdas exceso de documentación ni de pertenencias." De igual manera, y en cuanto a lo mismo, según el documento sobre *Proceso de Reconsideración sobre Clasificación de Custodia*, control clasificación 513-98, con firma del 22 de abril del año en curso, el recurrente expone su inconformidad con la acción del Departamento.

La Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones nos autoriza a prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos con el propósito de lograr el más justo y eficiente despacho de cualquier caso ante nuestra consideración. 4 LPRA Ap. XXII-B R. 7(B)(5). Asimismo, la Regla 83 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 83, la cual regula el desistimiento y la desestimación, nos da la facultad para desestimar por iniciativa propia un recurso de apelación o denegar la expedición de un auto discrecional, entre otras razones, por falta de jurisdicción.

Estudiado el expediente, conforme autorizado, prescindimos de la comparecencia y, tal cual adelantamos, desestimamos el recurso de epígrafe por falta de jurisdicción.

**-II-**

*A.*

La Sección 3.14 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley 38-2017 (en adelante la LPAU), establece que una orden o resolución final debe incluir y exponer separadamente determinaciones de hecho si no se han renunciado y conclusiones de derecho que fundamentan la adjudicación. También, la mencionada sección establece que la orden o resolución debe advertir del derecho a solicitar reconsideración ante la agencia o de instar el recurso de revisión como cuestión de derecho en el Tribunal de Apelaciones.[2]

---

[2] 3 LPRA Sec. 9654.

En cuanto a la revisión a la que se refiere el párrafo anterior, la Sección 4.1 de la LPAU indica que las disposiciones de la ley serán aplicables a aquellas órdenes, resoluciones y providencias adjudicativas **finales** dictadas por agencias o funcionarios administrativos, excepto aquellas allí identificadas. [3]

*B.*

En nuestro ordenamiento jurídico se le reconoce a todo ciudadano el derecho estatutario a recurrir de las decisiones de un organismo inferior. Isleta v. Inversiones Isleta Marina, 203 DPR 585 (2019), al citar a Hernández Jiménez et al. v. AEE et al., 194 DPR 378 (2015). Tal derecho, sin embargo, está sujeto a limitaciones legales y reglamentarias, entre las que se encuentra su correcto perfeccionamiento. Isleta v. Inversiones Isleta Marina, *supra*, al mencionar a García Morales v. Mercado Rosario, 190 DPR 632 (2014).

De otra parte, es harto conocido que las disposiciones reglamentarias que rigen el perfeccionamiento de los recursos apelativos deben observarse rigurosamente y su cumplimiento no puede quedar al arbitrio de las partes o sus abogados. *Íd*. Véase también, Hernández Maldonado v. Taco Maker, 181 DPR 281 (2011). Es por ello que, ante el rigor requerido, se autoriza la desestimación de aquel recurso que incumpla con las disposiciones reglamentarias de fondo y forma. *Íd*. Sin embargo, dado a la severidad de esta sanción, los tribunales deberán cerciorarse primero de que el incumplimiento haya provocado un impedimento real y meritorio para que pueda atender el caso en los méritos. Román et als v. Román et als, 158 DPR 163, 167-168 (2002).

En cuanto a las disposiciones reglamentarias antes aludidas, es de particular importancia para el caso de autos la Regla 59(C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R. 59(C), que establece cuál

---

[3] 3 LPRA Sec. 9671.

es el contenido que deberá tener el recurso de revisión. Así, la referida regla establece que, entre otras cosas, tal recurso deberá contener: una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso, un señalamiento breve y conciso de los errores que a juicio de la parte recurrente cometió el organismo administrativo y una discusión de los errores señalados, incluyendo las disposiciones de la jurisprudencia aplicable.

**-III-**

En su escrito, el recurrente en síntesis nos expone los hechos que ya arriba consignamos. Al así hacer, afirma que la acción llevada fue una equivocada y hasta discriminatoria, puesto que las determinaciones de falta de higiene solo le fueron atribuidas a él, más no a su compañero de celda. También, reclama que no existe un estatuto que prohíba a un confinado a tener documentos legales consigo.

Aparte de la falta de jurisdicción que pudiéramos decretar ante el incumplimiento craso del recurrente con las disposiciones reglamentarias relativas al perfeccionamiento de los recursos administrativos citadas antes, del Apéndice de su recurso surge claramente nuestra ausencia de jurisdicción. Mediante el escrito sometido ante nuestra consideración, el recurrente no produce una decisión administrativa que pueda ser revisable. Si bien acompaña varios documentos, estos primeramente tratan sobre **asuntos distintos**. Por un lado, somete evidencia de haber sometido una solicitud de remedio administrativo, mientras que a su vez evidencia una reconsideración presentada en cuanto a una clasificación de custodia. De estas cuestiones, la única determinación provista por el recurrente fue emitida el **9 de mayo de 2024**, por lo que, de haber estado inconforme con ella, debió haber comparecido ante este Tribunal dentro del término jurisdiccional arriba citado. Sin lugar a duda, y por todas estas razones, carecemos de jurisdicción debiendo desestimar el recurso sin más.

**-III-**

Por todo lo antes expuestos, desestimamos el recurso de epígrafe por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones
