Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| MARÍA MAGDALENA DE MARTÍNEZ Y OTROS<br><br>Apelante<br><br>v.<br><br>ING. ROBERTO RIVERA Y OTROS<br><br>Apelada | KLCE202401188 | *Certiorari*[1]<br>Procedente del Tribunal de Primera Instancia, Sala de SAN JUAN<br><br>Caso Núm.:<br>SJ2024CV07940<br><br>Sobre:<br>Desahucio por falta de pago |

Panel integrado por su presidente el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Mateu Meléndez, Jueza Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 2 de diciembre de 2024.

El 30 de octubre del año en curso, el Sr. Jesús Martínez y la Sra. María Magdalena De Martínez, (en adelante, de forma conjunta la parte apelante) comparecieron ante este Tribunal de Apelaciones por derecho propio.[2]

Examinado el recurso, observamos que este incumple crasamente con los requisitos de contenido que debe cumplir un recurso de *apelación*. Este incumplimiento es de tal naturaleza que impide que podamos ejercer nuestra función revisora.

Además, en el recurso sometido, nos solicita y pretende que intervengamos sobre una determinación que hoy en día es final y firme, la cual debió ser traída en un recurso de *certiorari* dentro del término jurisdiccional que nuestro ordenamiento jurídico establece para ello. Siendo ello así, por ambas razones y tal cual nos autoriza a hacer la Regla 83(c) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R 83(c) desestimamos el recurso de epígrafe.

---

[1] Mediante *Resolución* del 7 de noviembre de 2024 se acogió como apelación.
[2] Ese día, también presentó *Solicitud y Declaración Para Que Se Exima De Pago De Arancel Por Razón De Indigencia*. Esta fue concedida mediante *Resolución* del 7 de noviembre de 2024.

Número Identificador

RES2024 _____

**-I-**

Conforme surge de los documentos que la parte apelante produjo, esta instó una acción de desahucio contra el Ing. Roberto Rivera y Otros, Caso Civil Núm. SJ2024CV07940. Hemos efectuado una búsqueda en el Sistema Unificado de Manejo y Administración de Casos (SUMAC) del Poder Judicial. Como resultado, tomamos conocimiento judicial del trámite procesal ocurrido ante el foro primario.

Según nuestra indagación arrojó, el 28 de agosto de 2024, la parte apelante sometió una *Demanda de Desahucio* y en cobro de dinero bajo el procedimiento sumario contra el Ing. Roberto Rivera y otros. Allí, alegó ser dueña de una propiedad en la que la parte demandada reside como inquilino; que mediante contrato escrito le arrendó la propiedad a la parte demandada. Asimismo, estableció que "[e]l contrato no dice en ningún momento que se depositara 2 campers de oficina en el espacio de estacionamiento rentado por mí y mi esposo el Sr. Ernesto Martínez. Además, nos adeuda una suma exorbitan[te] de dinero del arrendamiento." Según se reclamó, se adeudaban $5,000 desde el mes de febrero 2024 más cargos de intereses por atrasos.

Ese mismo día, el foro primario expidió *Emplazamiento y* Citación *por Desahucio* en la que se citó al Ing. Roberto Rivera y al Sr. Santiago a una vista de desahucio por videoconferencia a ser celebrada el 11 de septiembre de 2024 a las 10:30 a.m. De igual forma, dictó *Orden* ordenándole a la apelante a someter antes de la vista de desahucio una moción con copia del contrato de arrendamiento habido entre las partes.[3]

Llegado el día de la audiencia, las partes no comparecieron. Tampoco acudió representación legal alguna. Según se hizo constar en la *Minuta* levantada, "la parte demandante no ha comparecido por escrito ni

---

[3] Este escrito le fue notificado al señor Martínez y la señora De Martínez a la dirección postal que informaron en la *Demanda*.

hay persona en la sala de espera virtual pendiente a ser admitida a la vista, tampoco surge comunicación por parte de algún funcionario del tribunal relacionado a la comparecencia o incomparecencia de la parte demandante ni surge de autos que se haya diligenciado el emplazamiento-citación a la parte demandada ni se cumplió con la orden emitida el 28 de agosto de 2024 donde se ordenó a la parte demandante presentar copia del contrato de arrendamiento entre las partes."[4] Ese día, el foro primario también dictó *Sentencia* en la que desestimó sin perjuicio la *Demanda*, "por falta de interés de la parte demandante.".[5]

El 13 de septiembre de 2024, la parte apelante sometió *Moción* en la que manifestó su deseo de que se abriera de nuevo su caso. Indicó que no le había llegado ningún aviso e informó que había cambiado su dirección postal. El 8 de octubre de este año, notificada al día siguiente, el TPI emitió *Resolución* mediante la cual acogió el escrito sometido como una reconsideración y, así evaluado, lo declaró No Ha Lugar, apercibiéndole que, de interesarlo, debería presentar el caso nuevamente.

Inconforme, la parte apelante sometió el recurso de epígrafe.[6] Atendido este recurso, el 7 de noviembre de 2024 emitimos *Resolución* en la que, entre otras cosas, dimos término a la parte apelada hasta el 20 de noviembre de 2024, para someter su posición. Este plazo ha vencido sin que la parte apelada haya comparecido. Así pues, damos por sometido el recurso sin el beneficio de su comparecencia y procedemos a resolver.

**-II-**

En nuestro ordenamiento jurídico se le reconoce a todo ciudadano el derecho estatutario a recurrir de las decisiones de un organismo inferior. Isleta v. Inversiones Isleta Marina, 203 DPR 585 (2019), al citar a Hernández

---

[4] Entrada Número 5, SUMAC.
[5] Tal dictamen fue notificado el 16 de septiembre de 2024.
[6] Posteriormente la parte apelante sometió *Moción* en la que acompaña varios documentos que estima pertinentes al caso. En cuanto a esta, resolvemos: Nada que proveer.

Jiménez et al. v. AEE et al., 194 DPR 378 (2015). Tal derecho, sin embargo, está sujeto a limitaciones legales y reglamentarias, entre las que se encuentra su correcto perfeccionamiento. Isleta v. Inversiones Isleta Marina, *supra*, al mencionar a García Morales v. Mercado Rosario, 190 DPR 632 (2014).

De otra parte, es harto conocido que las disposiciones reglamentarias que rigen el perfeccionamiento de los recursos apelativos deben observarse rigurosamente y su cumplimiento no puede quedar al arbitrio de las partes o sus abogados. *Íd*. Véase también, Hernández Maldonado v. Taco Maker, 181 DPR 281 (2011). Es por ello que, ante el rigor requerido, se autoriza la desestimación de aquel recurso que incumpla con las disposiciones reglamentarias de fondo y forma. *Íd*. Sin embargo, dado a la severidad de esta sanción, los tribunales deberán cerciorarse primero de que el incumplimiento haya provocado un impedimento real y meritorio para que pueda atender el caso en los méritos. Román et als v. Román et als, 158 DPR 163, 167-168 (2002).

En cuanto a las disposiciones reglamentarias antes aludidas, es de particular importancia para el caso de autos la Regla 16 de nuestro Reglamento, la cual establece el contenido que deben tener los escritos de apelación en casos civiles. Según la mencionada regla, este deberá contener una cubierta con cierta información específica. También, deberá contener: un índice y en su cuerpo; el nombre de las partes apelantes; las citas de las disposiciones legales que establecen nuestra jurisdicción y competencia; una referencia a la sentencia cuya revisión se solicita, así como de cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar el escrito de apelación; una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso; un señalamiento breve y conciso de los errores que a

su juicio cometió el tribunal; una discusión de los errores señalados y la súplica.[7]

**-III-**

Según arriba apuntamos, el escrito sometido por la parte apelante incumple crasamente con los requisitos de contenido que establece nuestro reglamento para los recursos de apelación. De la misma forma, y como también indicamos, solicita tardíamente nuestra intervención en cuanto a asuntos ajenos a la causa de epígrafe. Por ambas razones, debemos desestimar el recurso. Veamos.

En primer lugar, en el breve escrito sometido ante nuestra consideración, la parte apelante nos solicita que reabramos el caso #140-20243843 que sometió ante la Sala de Investigaciones. En cuanto a este particular asunto, solo acompañó una *Resolución* dictada por la Sala Municipal de San Juan en la que se ordenó el cierre y archivo del caso pues la parte peticionaria, la Sra. María Magdalena de Martínez, no compareció a la audiencia señalada. Más allá de peticionar la reactivación de dicho caso, nada expone, ni arguye sobre el particular. Ahora, advertimos que tal petición trata sobre una determinación judicial emitida el **10 de julio de 2024**.

La Regla 32 (C) de nuestro Reglamento establece que el recurso de *certiorari* para revisar las resoluciones finales en procedimientos de jurisdicción voluntarias se perfeccionará mediante la presentación de una solicitud dentro de los **30 días** siguientes a la fecha de archivo en autos de una copia de la notificación de la resolución u orden recurrida. Este término es uno jurisdiccional.[8] Cualquier solicitud en cuanto a lo resuelto en el caso #140-20243843 que la parte apelante presenta en el recurso de epígrafe es una a destiempo, pues lo allí resuelto hoy día es final y firme.

---

[7] 4 LPRA Ap. XXII-B, R. 16.
[8] 4 LPRA Ap. XXII-B, R. 32(C).

De otra parte, más allá de solicitar la reapertura antes aludida, la parte apelante se limita en su recurso a exponer los daños que alega ha sufrido por la conducta que allí le imputa a la parte apelada. Nada de lo que expone en su escrito constituye un señalamiento de error ni una discusión de alguno **en cuanto a lo resuelto por la Sala Superior de San Juan con relación a la causa de acción sobre desahucio; SJ2024CV07940**. Por consiguiente, no tenemos una controversia señalada ante nos que resolver.

Ciertamente las fallas cometidas por la parte apelante en la presentación de su recurso impiden que podamos resolver en los méritos alguna controversia o que el mismo pueda perfeccionarse conforme a nuestro ordenamiento jurídico. Por tal razón, solo nos resta desestimarlo.

IV

Por los fundamentos antes esbozados, desestimamos el recurso de epígrafe.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones