Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| JUAN C. PEÑA LUGUERA<br><br>Parte Peticionaria<br><br>v.<br><br>ÁNGEL L. GARCÍA PÉREZ<br><br>Parte Recurrida | TA2025CE00738 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de Humacao<br><br>Civil núm.: HU2025CV00115<br><br>Sobre: Daños |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli.

Trigo Ferraiuoli, jueza ponente.

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 14 de noviembre de 2025.

Comparece por derecho propio, el Sr. Juan Carlos Peña Luguera, (peticionario o Peña Luguera) y solicita que revoquemos la *Orden* emitida el 16 de octubre de 2025, notificada el 17 de octubre de 2025, por el Tribunal de Primera Instancia, Sala de Humacao. En esta, el TPI denegó su solicitud de revisión.

A tenor con la facultad que nos concede la Regla 7(B)(5) de nuestro Reglamento, prescindimos de la comparecencia de la parte recurrida[1] y denegamos expedir el auto de *certiorari,* debido al incumplimiento con las disposiciones aplicables del Reglamento de este Tribunal.

I.     **Trasfondo fáctico y procesal**

El peticionario se encuentra confinado en el Centro de Detención Metropolitano en Guaynabo (MDC-Guaynabo). Según surge del expediente electrónico SUMAC, el 21 de enero de 2025,

---

[1] La citada disposición reglamentaria nos permite "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante [nuestra] consideración, con el propósito de lograr su más justo y eficiente despacho [...]". Véase, Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 14-15, 215 DPR __ (2025).

Peña Luguera presentó ante el TPI una demanda civil en contra de Ángel García Pérez. El 12 de febrero de 2025, el TPI emitió una orden en la que concedió término a Peña Luguera para completar la Solicitud para la Asignación Legal de Oficio (Formulario OAT-1385).

Luego de varias incidencias procesales, el 24 de junio de 2025, notificada el 25 de junio de 2025, el TPI emitió una *Sentencia* en la que desestimó, sin perjuicio, la demanda presentada por Peña Luguera, por "falta de interés, abandono e incumplimiento con las órdenes del Tribunal"[2]. Así las cosas, el 14 de octubre de 2025, Peña Luguera presentó ante el TPI un escrito titulado *Moción en Solicitud de Revisión*, en el que solicitaba al TPI la continuación de los procedimientos y que emitiera una orden contra la parte demandada.

El 16 de octubre de 2025, notificada el 17 de octubre de 2025, el TPI emitió la *Orden*[3] recurrida, en la que declaró no ha lugar la solicitud de Peña Luguera y expresó que mediante la sentencia final emitida el 25 de junio de 2025, se desestimó y archivó el caso, sin perjuicio.

Insatisfecho, el 5 de noviembre de 2025, el peticionario acude ante este foro apelativo mediante un escrito de <u>dos (2) páginas,</u> las cuales exponen <u>cuatro (4) alegaciones</u>. De su escueta redacción, colegimos que acude en revisión de la orden y de la sentencia desestimatoria, dictada el 24 de junio de 2025. Con su escrito, acompaña la orden cuya revisión solicita, mas no acompañó la moción que dio lugar a la misma, ni demás documentos pertinentes. Además, no hace una relación fiel y concisa de los hechos procesales y materiales del caso. Tampoco formula ni discute señalamiento de error alguno, ni los fundamentos en derecho que avalan su petición.

## II. Exposición del derecho

---

[2] Véase, *Sentencia* (Entrada Núm. 12 de SUMAC-TPI).
[3] Véase Anejo -Orden Recurrida de la Entrada Núm. 1 del recurso.

### A. El perfeccionamiento de los recursos apelativos

Las normas que rigen el perfeccionamiento de todos los recursos apelativos deben observarse rigurosamente.[4] Ello, ante la necesidad de colocar a los tribunales apelativos "en posición de decidir correctamente los casos, contando con un expediente completo y claro de la controversia que tiene ante sí".[5]

Nuestro Tribunal Supremo ha sido enfático al expresar que, de no observarse las disposiciones reglamentarias al respecto, nuestro ordenamiento autoriza la desestimación del recurso.[6] Sin embargo, ante la severidad de esta sanción, el Tribunal Supremo exige que nos aseguremos que el incumplimiento con las disposiciones reglamentarias aplicables haya provocado un impedimento real y meritorio para que podamos considerar el caso en los méritos.[7]

Adicionalmente, debemos apuntar que el Tribunal Supremo ha puntualizado que el hecho de que las partes litigantes comparezcan por derecho propio, por sí solo, no justifica que ellas incumplan con las reglas procesales. Ello cobra mayor importancia en el caso de aquellas normas que establecen términos jurisdiccionales o de cumplimiento estricto.[8]

### B. Reglamento del Tribunal de Apelaciones

#### 1. *Certiorari*

La Parte IV del Reglamento del Tribunal de Apelaciones[9], gobierna lo relativo a la presentación de los recursos de *certiorari* ante este Foro. En particular, respecto al cuerpo del escrito de *certiorari,* la Regla 34 (C) del mencionado Reglamento detalla el

---

[4] *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90 (2013).

[5] *Id.*

[6] *Pueblo v. Rivera Toro,* 173 DPR 137, 145 (2008).

[7] *Román et als. v. Román et als.,* 158 DPR 163, 167 (2002).

[8] *Febles v. Romar,* 159 DPR 714, 722 (2003).

[9] Parte IV del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 49, 215 DPR __ (2025).

contenido del cuerpo de este recurso discrecional. De tal manera, la Regla 34(C)(1) exige que el escrito presentado contenga, entre otros aspectos, una relación fiel y concisa de los hechos procesales y materiales del caso; un señalamiento breve y conciso de los errores que a juicio de la parte peticionaria cometió el Tribunal de Primera Instancia; una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicable, así como la súplica.[10]

Así que, toda vez que el ordenamiento procesal apelativo exige que la petición de *certiorari* contenga una discusión de los errores imputados al foro primario, todo señalamiento de error omitido o no discutido se tendrá por no puesto y, por tanto, el foro apelativo no considerará el mismo. Sobre el particular, constituye norma claramente establecida por el Tribunal Supremo que la sola alegación de un error, que luego no se fundamenta o discute, no debe ser motivo para revisar, modificar o de alguna forma cambiar una decisión del Tribunal de Primera Instancia.[11]

Por su parte, la Regla 34 (E) (1) del Reglamento del Tribunal de Apelaciones añade que el escrito de *certiorari* incluirá un apéndice y detalla los documentos que deberán formar parte de éste. Entre otros documentos, en específico, el apéndice contendrá una copia literal de la decisión del Tribunal de Primera Instancia cuya revisión se solicita y cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia que sea relevante y que pueda ser útil al Tribunal de Apelaciones a los fines de resolver la controversia.[12]

### 2. Desistimiento y desestimación

---

[10] Regla 34(C)(1) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 54, 215 DPR __ (2025).

[11] *Quiñones López v. Manzano Pozas,* 141 DPR 139, 165 (1996).

[12] Regla 34 (E) (1)(b)(d)(e) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 56, 215 DPR __ (2025).

La Regla 83(C) del Reglamento del Tribunal de Apelaciones[13], concede a este Tribunal la facultad de desestimar un recurso de apelación o denegar un auto discrecional a iniciativa propia un recurso discrecional por los motivos consignados en el inciso (B) de la citada regla[14]. Estos son los siguientes:

1. que el Tribunal de Apelaciones carece de jurisdicción;

2. que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;

3. **que no se ha presentado o proseguido con diligencia o de buena fe;**

4. **que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos, o**

5. que el recurso se ha convertido en académico. (Énfasis nuestro).

## III. Aplicación del derecho a los hechos

Una lectura del escrito de *certiorari* revela que el peticionario no nos colocó en posición de revisar su petición. En particular, si bien incluyó en su escrito la *Orden* emitida por el foro primario, Peña Luguera incumplió con los demás requisitos a satisfacer en la presentación de una petición de *certiorari*. En resumen, este no hizo un recuento de los hechos pertinentes y tampoco planteó de manera específica los errores que cometió el TPI, por lo cual, no acreditó la existencia de controversia alguna sobre la que este Tribunal pueda ejercer su facultad revisora. Por otro lado, aunque alega que se le han privado sus derechos civiles y constitucionales, omitió discutir los fundamentos en derecho que avalan y sustentan su petición. Su escrito, sin más, recoge su inconformidad con la de decisión del foro

---

[13] Regla 83(C) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 115, 215 DPR __ (2025).
[14] *Íd.*, Regla 83(B).

de instancia, mas no provee argumento o fundamento alguno que nos ponga en posición de atender su reclamo.

La omisión del peticionario de cumplir con nuestro Reglamento constituye un impedimento real y meritorio para la consideración del recurso en sus méritos. Además, y conforme expuesto anteriormente, el hecho de que Peña Luguera comparezca por derecho propio, por sí solo, no justifica su incumplimiento con las reglas procesales. Por lo tanto, en el ejercicio de nuestra discreción, al amparo de la Regla 83(C) del Reglamento del Tribunal de Apelaciones, *supra*, denegamos la expedición del auto de *certiorari* solicitado, por no haberse presentado diligentemente.

## IV. Parte dispositiva

Por los fundamentos antes expuestos, se deniega el recurso de *certiorari*, al amparo de la Regla 83(C) del Reglamento del Tribunal de Apelaciones, *supra*.

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones