ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **EL PUEBLO DE PUERTO RICO**<br><br>Apelado<br><br>v.<br><br>**HÉCTOR LUIS GONZÁLES CRUZ**<br><br>Apelante | KLAN202500175 | **Apelación** acogida como ***CERTIORARI*** procedente del Tribunal de Primera Instancia, Sala Superior de **Carolina**<br><br>Crim. Núm.:<br>**F BD2014G0378**<br>**F BD2014M0113**<br><br>Sobre: Art. 182 CP., Art. 181 CP. |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos.

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 31 de marzo de 2025.

Comparece ante nos, por derecho propio, Héctor Luis Gonzáles Cruz, actualmente confinado en la Institución Correccional Bayamón 1072.[1] Solicita que revoquemos cierta orden del Tribunal de Primera Instancia (TPI) alegadamente notificada el 6 de febrero de 2025.

Acogemos el recurso como un *certiorari* por recurrir de una orden interlocutoria *postsentencia* y ser el vehículo revisor adecuado. Sin embargo, se mantendrá el mismo alfanumérico asignado por la Secretaría de este Tribunal de Apelaciones por cuestiones de economía procesal.

Ahora bien, debido a que Gonzáles Cruz no anejó la determinación del TPI de la cual interesa revisión, ni ningún otro documento relacionado a su petición, nos vemos precisados a desestimar el recurso por falta de jurisdicción. Gonzáles Cruz no nos

---

[1] Se autoriza a litigar *in forma pauperis.*

colocó en posición de atender y resolver su reclamo, al no perfeccionar su recurso conforme dispone nuestro ordenamiento.

## I.

## A.

Es norma trillada de derecho que las partes -incluso los que comparecen por derecho propio- tienen el deber de cumplir fielmente las normas para el perfeccionamiento de los recursos ante este foro apelativo. Es decir, estos deben observar rigurosamente las disposiciones reglamentarias establecidas para la forma, contenido, presentación y notificación de los escritos. *Hernández Jiménez, et als. v. AEE*, 194 DPR 378, 382-383 (2015). Ello, ante la necesidad de colocar a los tribunales apelativos en posición de decidir correctamente los casos, con el beneficio de un expediente completo que permita conocer claramente la controversia que tiene ante sí. *Soto Pino v. Uno Radio Group*, 189 DPR 84, 90 (2013).

De no observarse las disposiciones reglamentarias sobre el perfeccionamiento, nuestro ordenamiento autoriza la desestimación del recurso. Véase, *Hernández Maldonado v. Taco Maker,* 181 DPR 281, 290 (2011). Claro está, ante la severidad de esta sanción, nuestro Tribunal Supremo exige que nos aseguremos que el quebrantamiento de dichos postulados haya provocado un impedimento real y meritorio para que podamos considerar el caso en los méritos. Por lo tanto, solo si se cumple con dicho parámetro procederá la desestimación. *Román et als. v. Román et als.,* 158 DPR 163, 167 (2002).

En suma, la parte compareciente tiene que perfeccionar su recurso al tenor de los preceptos de la ley vigentes y de nuestro reglamento. De lo contrario, este Tribunal no estará en posición de revisar el dictamen recurrido. *Morán v. Martí*, 165 DPR 356 (2005).

**B.**

Como es sabido, los tribunales deben ser guardianes celosos de la jurisdicción. Las cuestiones de jurisdicción deben ser resueltas con preferencia, toda vez que la falta de esta no es susceptible de ser subsanada. El foro judicial carece de discreción para asumir jurisdicción donde no la hay, por lo que, si un tribunal se percata que no la tiene, debe así declararlo y desestimar el caso. *Ruiz Camilo v. Trafon Group Inc.*, 200 DPR 254, 268 (2018); *Hernández Colón v. Policía de Puerto Rico*, 177 DPR 121, 135 (2009); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).

**II.**

En su escrito, Gonzáles Cruz no hace señalamiento de error alguno. Solo se limita a expresar que incidió el foro primario al emitir su dictamen relacionado con los parámetros de su sentencia. Nos solicita que revoquemos "el año adicional que le i[m]puso la Hon. Jueza Rosa del Carmen Benítez Pérez al convicto en la vista de revoca[c]ión, debido a que no es válido y no fue lo que dispuso y estableció el Hon. Tribunal Supremo."

Sin embargo, Gonzáles Cruz no incluyó en el apéndice de su recurso ningún documento relacionado a su petitorio, entiéndase, copia de las peticiones o solicitudes presentadas ante el TPI; la determinación judicial de la cual recurre y la hoja de notificación de la orden o resolución impugnada.

Nótese que Gonzáles Cruz no cumplió con lo requerido por nuestro ordenamiento jurídico, específicamente con las disposiciones del Reglamento del Tribunal de Apelaciones. Lo anterior es esencial al momento de presentar un recurso apelativo para que podamos, en primer orden, auscultar nuestra jurisdicción. En este caso se nos imposibilita atender el reclamo de Gonzáles Cruz por no contar con la información necesaria. Recordemos que el hecho de comparecer por derecho propio no exime a una parte de

cumplir a cabalidad con el trámite relacionado a la presentación de un recurso apelativo.[2]

Así las cosas, carecemos de jurisdicción para poder disponer en los méritos de la causa de autos, toda vez que el recurso no se perfeccionó adecuadamente. Véase, *González v. Mayagüez Resort & Casino,* 176 DPR 848, 856 (2009); *García v. Hormigonera Mayagüezana,* 172 DPR 1, 7 (2007).

### III.

Por las consideraciones que anteceden, desestimamos el recurso por falta de jurisdicción. Regla 83 (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(C).

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

La juez Barresi Ramos *disiente* con la disposición del presente caso. Toda vez que nuestro Tribunal Supremo ha sido enfático "en torno a la necesidad de evitar que la aplicación automática e inflexible de los requisitos reglamentarios prive a un litigante de su derecho a acceso a los tribunales". *Álamo Romero v. Adm. Corrección,* 175 DPR 314, 322 (2009). Asimismo, ha aleccionado que "el mecanismo procesal de la desestimación como sanción debe utilizarse como último recurso". *Román, et als. v. Román, et als.,* 158 DPR 163, 167- 168 (2002). Más aún, la Regla 59 (E) (2) del Reglamento del Tribunal de Apelaciones decreta: "(2) El tribunal podrá permitir, a petición del recurrente en el recurso, en moción o *motu proprio,* a la parte recurrente la presentación de los documentos a que se refiere el subinciso (1) con posterioridad a la fecha de presentación del recurso de revisión, dentro de un término de quince días contado a partir de la fecha de notificación de la

---

[2] Ante el cuadro fáctico del caso de autos, encontramos prudente señalar que, si Gonzáles Cruz interesa solicitar la corrección o modificación de una sentencia, tiene disponible los mecanismos que proveen las Reglas 185 y/o 192.1 de Procedimiento Criminal, 34 LPRA Ap. II, R. 185 y 192.1. El foro adecuado para ventilar el asunto es el Tribunal de Primera Instancia.

resolución del tribunal que autoriza los documentos. **La omisión de incluir los documentos del Apéndice no será causa de desestimación del recurso**" [Énfasis nuestro]. Es nuestra contención que se le debió conceder un plazo de quince (15) días, para la presentación de los documentos o anejos necesarios, al señor Héctor Luis Gonzáles Cruz.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones