Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>KRISTOPHER GONZÁLEZ LEÓN<br><br>Peticionario | KLCE202500445 | *CERTIORARI*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Crim. Núm.: CG2024CR00050 |
|---|---|---|

Panel integrado por su presidenta, la Juez Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm.

Álvarez Esnard, jueza ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 15 de mayo de 2025.

Comparece ante nos, por derecho propio, el señor Kristopher González León ("señor González León" o "Peticionario") mediante un documento intitulado *Moción de Reducción 25% Modificación de Sentencia,* recibido el 12 de abril de 2025, el cual se clasificó como *certiorari* y se le asignó la denominación alfanumérica KLCE202500445. Por virtud de este, el Peticionario solicita que intervengamos con una pena impuesta por el Tribunal de Primera Instancia en un caso en su contra.

Examinado el recurso, al amparo de la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7(B)(5), prescindimos de los términos, escritos o procedimientos adicionales "con el propósito de lograr su más justo y eficiente despacho". Por los fundamentos que se exponen a continuación, **desestimamos** el presente recurso. Veamos.

### I.
### *A. Jurisdicción*

Como cuestión de umbral, antes de considerar los méritos de un recurso, a este Tribunal le corresponde determinar si posee

Número Identificador

SEN(RES)2025_____

jurisdicción para atender el recurso ante su consideración pues "[l]os asuntos relacionados con la jurisdicción de un tribunal son privilegiados y deben atenderse con preeminencia" *Pérez Rodriguez v. López Rodriguez et al.* 210 DPR 163, 178, (2022). "[L]a jurisdicción se refiere al poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias.". *Municipio de Río Grande v. Adquisición de Finca 27.661*, 215 DPR__ (2025) 2025 TSPR 36, pág. 10 citando a *Pérez Soto v. Cantera Pérez, Inc., et al.*, 188 DPR 98, 105 (2013). "Es norma reiterada que los tribunales deben ser celosos guardianes de su jurisdicción y el foro judicial *no* tiene discreción para asumir jurisdicción allí donde no la hay". *Beltrán Cintrón et al. v. ELA et al.,* 204 DPR 89, 101 (2020). Esto nos impone el deber de examinar la jurisdicción antes de expresarnos.

Cuando los tribunales carecen de jurisdicción deberán así declararlo y desestimar el recurso. *Íd.,* pág. 102.

Sobre ello, nuestra máxima Curia ha expresado lo siguiente:

Reiteradamente hemos expresado que la ausencia de jurisdicción sobre la materia da lugar a las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio. Íd.,* págs. 101-102. (Comillas y citas omitidas).

Como corolario de ello, la Regla 83(C) del Tribunal de Apelaciones, *supra*, nos faculta, a iniciativa propia, a desestimar un recurso por falta de jurisdicción. Una apelación o un recurso prematuro, al igual que uno tardío, "sencillamente adolece del **grave e insubsanable** defecto de privar de jurisdicción al tribunal al cual se recurre". *Consejo Titulares v. MAPFRE,* 215 DPR__ (2024) 2024

TSPR 140, pág. 18 citando a *Juliá et al. v. Epifanio Vidal, S.E.*, 153 DPR 357, 366 (2001).

### B. Certiorari

"[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.*, 203 DPR 708, 718 (2019). "El recurso de *certiorari* es un mecanismo procesal de carácter discrecional que le permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido". *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023). Los límites a la facultad revisora del foro apelativo tienen como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486-487 (2019).

No obstante, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni sin parámetros. *Torres González v. Zaragoza Meléndez, supra*; *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019). La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que se deben tomar en consideración al evaluar si procede expedir un auto de *certiorari*. Estos criterios son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Cuando el auto de *certiorari* es de índole criminal, este debe incluir como mínimo la denuncia y la acusación, si la hubiere. Además, debe incluir la decisión cuya revisión se solicita y cualquier documento que forme parte del expediente del Tribunal de Primera Instancia que discuta expresamente el asunto planteado ante el foro apelativo o que pueda ser útil para la resolución de la controversia. 4 LPRA Ap. XXII-B, R. 34(E). La parte peticionaria tiene la obligación de proveer un apéndice con todos los documentos relevantes, de modo que este Foro pueda ejercer su función revisora adecuadamente. La omisión de los documentos relevantes impide que se perfeccione el recurso para la revisión de este Tribunal y nos priva de jurisdicción.

Sobre estos requisitos, nuestro Tribunal Supremo ha establecido que las partes tienen el deber de observar rigurosamente las disposiciones reglamentarias, de manera que puedan presentar y perfeccionar su recurso oportuna y adecuadamente. Véase, *M-Care Compounding Pharmacy et als. v. Depto. De Salud et al.*, 186 DPR 159, 176 (2012). Asimismo, se ha establecido que no se justifica el incumplimiento con los requisitos reglamentarios por el solo hecho de que los litigantes comparezcan por derecho propio. Véase, *Febles v. Romar*, 159 DPR 714, 722 (2003).

Es preciso subrayar que el incumplimiento con las disposiciones reglamentarias sobre los recursos a ser presentados, ante el Tribunal de Apelaciones, podría conllevar la desestimación del recurso. *Pueblo v. Rivera Toro*, 173 DPR 137, 145 (2008). Por ello, "cuando el tribunal utiliza dicho mecanismo procesal en casos de incumplimiento con su Reglamento, debe cerciorarse primero que el incumplimiento haya provocado un impedimento real y meritorio

para que el tribunal pueda atender el caso en los méritos. *Roman et als. v. Roman et als.*, 158 DPR 163, 167–168 (2002).

## II.

Expuesto el marco jurídico y examinado el expediente ante nos, procedemos a disponer del presente recurso. De una evaluación del escrito presentado por el Peticionario se desprende que el mismo contiene una solicitud para la imposición de una pena más benigna en un caso criminal. No obstante, el aludido escrito no identifica concretamente cual fue la pena dictada por el Tribunal de Primera Instancia. Tampoco surgen señalamientos de error ni la discusión de estos, ni tampoco se incluyó el dictamen cuya revisión se solicita o cualquier documento que forme parte del expediente del foro primario que discuta expresamente el asunto ante nos. En fin, el presente recurso **incumple totalmente** con la Regla 34 de nuestro Reglamento, lo cual impide que podamos ejercer nuestra función revisora sobre el mismo.

Por lo tanto, por virtud de la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, *supra*, procedemos a desestimar el recurso de epígrafe puesto que el mismo no satisface los requisitos reglamentarios para el perfeccionamiento de un recurso de *certiorari.*

## III.

Por los fundamentos expuestos, **desestimamos** el recurso de epígrafe, por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS<br>
Secretaria del Tribunal de Apelaciones