ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III[1]

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br><br>V.<br><br><br>GENARO FLORES BENEJAN<br><br>Peticionario | TA2025CE00037 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br>_____<br>Civil Núm.: AIS2020G0000<br><br>SALA: 501<br>_____<br>SOBRE:<br><br>REGLA 6<br>ART. 133 (A)CP |

Panel integrado por su presidente el Juez Candelaria Rosa, el Juez Salgado Schwarz y el Juez Monge Gómez.

Salgado Schwarz, Carlos G., Juez Ponente.

## S E N T E N C I A

En San Juan, Puerto Rico, a 27 de junio de 2025.

Comparece el Sr. Genaro Flores Benejan, en adelante el señor Flores o el peticionario, y presenta un escrito sin título aparente, solicitando a su vez varios remedios ya sean estatutarios o reglamentarios de forma incompleta e incongruente.

Por los fundamentos que expondremos a continuación, se desestima el recurso por falta de jurisdicción, a tenor con la Regla 83(C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(C).

-I-

El escrito presentado por el peticionario no contiene propiamente señalamientos de errores, y en adición, no se desprende del mismo que el Sr. Flores

---

[1] Mediante la Orden Administrativa DJ-2024-062C del 6 de mayo de 2025 se designó al Hon. Carlos I. Candelaria Rosa, Presidente del Panel III, en sustitución del Hon. Félix R. Figueroa Cabán, quien se acogió al retiro el 5 de mayo de 2025.

Benejan haya solicitado estos remedios al Tribunal de Primera Instancia. Debemos señalar que el peticionario no incluyó el dictamen del TPI del cual recurre ante nosotros.

Resolvemos sin trámite ulterior bajo lo dispuesto en la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (B) (5).[2]

-II-

-A-

Consistentemente el Tribunal Supremo de Puerto Rico ha sostenido "[…] que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo cual los asuntos relacionados con ésta son privilegiados y deben atenderse de manera preferente".[3] Así pues, la ausencia de jurisdicción tiene los siguientes efectos: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio.[4] Consecuentemente, si se carece

---

[2] Esta regla nos permite "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante [nuestra] consideración, con el propósito de lograr su más justo y eficiente despacho".

[3] *Ruiz Camilo v. Trafon Group, Inc*, 200 DPR 254, 268 (2018); *Mun. de San Sebastián v. QMC Telecom,* 190 DPR 652, 660 (2014); *Horizon v. Jta. Revisora, RA Holdings,* 191 DPR 228, 234(2014); *Cordero et al. v. ARPe et al.,* 187 DPR 445, 457 (2012).

[4] *Id.; Fuentes Bonilla v. ELA*, 200 DPR 364, 372-373 (2018); *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009); *Pagán v. Alcalde Mun. de Cataño*, 143 DPR 314, 326 (1997); *Vázquez v. A.R.P.E.*, 128 DPR 513, 537 (1991).

de jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia.[5]

-B-

**Contenido del recurso de *certiorari***

El Tribunal Supremo de Puerto Rico ha reiterado que las partes, aun las que comparecen por derecho propio, tienen el deber de observar rigorosamente las disposiciones reglamentarias establecidas por nuestro ordenamiento en lo que respecta a la forma, presentación y perfeccionamiento de los recursos. Cónsono con lo anterior, el derecho procesal apelativo autoriza la desestimación de los recursos que no cumplan con las normas establecidas. *Hernández Maldonado v. Taco Maker,* 181 DPR 281, 290 (2011) que cita a *Arriaga v. F.S.E.,* 145 DPR 122, 129-130 (1998). Ahora bien, la severidad de esta sanción amerita que el incumplimiento en el que incurra la parte haya provocado un impedimento real y meritorio para que podamos considerar el caso en los méritos. Procederá la desestimación solo si se cumple con tal criterio. *Román et als. v. Román et als.,* 158 DPR 163, 167-168 (2002).

En cuanto al contenido de un recurso de *certiorari*, la Regla 34 (C) del Reglamento del Tribunal de Apelaciones dispone lo siguiente:

1.    Toda solicitud de *certiorari* contendrá numerados, en el orden aquí dispuesto, los requerimientos siguientes:

    a. En la comparecencia, el nombre de las partes peticionarias.

---

[5] *Ruiz Camilo v. Trafon Group, Inc, supra*, pág. 268.

b. Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal.

c. **Una referencia a la decisión cuya revisión se solicita, la cual incluirá el nombre y el número del caso, la Región Judicial correspondiente, la Sala del Tribunal de Primera Instancia que la dictó; la fecha en que lo hizo y la fecha en que fue notificada;** también, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar la solicitud de *certiorari*; además, se especificará cualquier otro recurso sobre el mismo caso que esté pendiente ante el Tribunal de Apelaciones o ante el Tribunal Supremo a la fecha de presentación.

d. **Una relación fiel y concisa de los hechos procesales y materiales del caso.**

e. **Un señalamiento breve y conciso de los errores que a juicio de la parte peticionaria cometió el Tribunal de Primera Instancia.**

f. **Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicable.**

g. **La súplica.** 4 LPRA Ap. XXII-B, R. 34 (C).

La solicitud de *certiorari* deberá contener además, un apéndice, salvo lo dispuesto en la Regla 74 del Reglamento de este Tribunal. Sobre este particular, nuestro reglamento dispone que el apéndice que acompaña el recurso de *certiorari* debe incluir lo siguiente:

[…]

(E) Apéndice

(1)    Salvo lo dispuesto en el apartado (2) de este inciso y en la Regla 74, la solicitud incluirá un Apéndice que contendrá una copia literal de:

(a)  Las alegaciones de las partes, a saber:

[…]

-en casos criminales: la denuncia y la acusación, si la hubiere.

(b)  **La decisión del Tribunal de Primera Instancia cuya revisión se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, si las hubiere y la notificación del archivo en autos de copia de la notificación de la decisión si la hubiere** […] (Énfasis nuestro.) 4 LPRA Ap. XXII-B, R. 34 (E) (1).

La Regla 83 (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83 (C), concede a este Tribunal la facultad de desestimar un recurso de apelación o denegar un auto discrecional a iniciativa propia un recurso discrecional por los siguientes fundamentos:

1. que el Tribunal de Apelaciones carece de jurisdicción;

2. que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;

3. **que no se ha presentado o proseguido con diligencia** o de buena fe;

4. que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial

o que ha sido interpuesto para demorar los procedimientos;

5. que el recurso se ha convertido en académico.

(Énfasis suplido).

## -III-

El peticionario no especifica ni aduce error alguno del TPI, es más, ni siquiera menciona alguna petición realizada o resolución dictada por el Honroso Tribunal de Primera Instancia. Este recurso se presenta más como una solicitud de examen sobre su situación de confinado para que sea resuelto en primera instancia por este foro revisor. De esta forma, desvirtuando nuestro Reglamento y nuestra función judicial revisora.

## -IV-

Por los fundamentos antes expuestos, se desestima el recurso de *certiorari* por falta de jurisdicción.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

*Lcda. Lilia M. Oquendo Solís*
*Secretaria del Tribunal de Apelaciones*