ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| ERICK N. RAMOS ROMÁN, Peticionaria, v. WANDA RODRÍGUEZ; KAIRY L. BURGOS CLAUSELL; SANTIAGO AMARO AMARO, y otros, Recurrida. | TA2025CE00465 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas. Civil núm.: GM2025CV00665. Sobre: daños y perjuicios. |
| --- | --- | --- |

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Romero García, jueza ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 19 de septiembre de 2025.

El 11 de septiembre de 2025[1], el señor Erick N. Ramos Román (señor Ramos) instó este recurso por derecho propio, el cual intituló *Apelación*. Adjuntó a su recurso dos órdenes; la primera, emitida el 4 de septiembre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Caguas[2]; la segunda, emitida por la Sala Superior de Guayama el 1 de agosto de 2025[3]. Solicitó, de manera escueta e imprecisa, que ordenemos el emplazamiento de todos los demandados y el traslado del caso civil instado por él a la Sala Superior de Guayama[4].

---

[1] El matasellos del sobre en el que se recibió el escrito del señor Ramos está fechado el 10 de septiembre de 2025.

[2] En esta, el foro primario le ordenaba someter los emplazamientos de los demandados, en un término de 5 días; ello, so pena de desestimación.

[3] En esta, el foro primario declaró con lugar la solicitud del señor Ramos para litigar como indigente.

[4] El señor Ramos informó que este Tribunal de Apelaciones tenía ante su consideración otro recurso instado por él; a decir, el recurso TA2025AP00264. Hemos verificado dicho recurso y constatamos que el mismo fue acogido como un recurso de *certiorari* y que, el 4 de septiembre de 2025, fue desestimado por haberse instado de manera tardía. En la parte I de la determinación del panel hermano, intitulada *Sentencia*, se consignan los hechos pertinentes relevantes a aquel recurso y a este. Adicionalmente, verificado el expediente del caso civil en el *Sistema Unificado de Manejo y Administración de Casos* (SUMAC), nos hemos percatado de que, con posterioridad a las órdenes objeto de revisión en este recurso, el foro primario emitió una *Sentencia* el 15 de septiembre de 2025, notificada al día siguiente, mediante la cual desestimó sin perjuicio la demanda instada por el señor Ramos.

Por los fundamentos expuestos a continuación **desestimamos** el presente recurso por el craso incumplimiento del peticionario con las leyes y los reglamentos aplicables.

I

En nuestro sistema judicial, tanto el recurso de apelación, como el recurso discrecional de *certiorari*, no son automáticos; presuponen una notificación, un diligenciamiento y su perfeccionamiento. Se presume, además, que nuestros tribunales actúan con corrección, por lo que compete al apelante o al peticionario la obligación de demostrar lo contrario. Por lo tanto, el apelante, **o en este caso la parte peticionaria**, tiene la **obligación** de perfeccionar su recurso según lo exige la ley y el Reglamento de este Tribunal de Apelaciones, para así colocar a este foro apelativo en posición de poder revisar al tribunal primario.

Así pues, las normas que rigen el perfeccionamiento de **todos** los recursos apelativos deben observarse rigurosamente. *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90 (2013). Ello, ante la necesidad de colocar a los tribunales apelativos "en posición de decidir correctamente los casos, contando con un expediente completo y claro de la controversia que tiene ante sí". *Íd.*

Es menester destacar que el Tribunal Supremo de Puerto Rico ha sido enfático al expresar que, de no observarse las disposiciones reglamentarias al respecto, nuestro ordenamiento autoriza la desestimación del recurso. *Pueblo v. Rivera Toro*, 173 DPR 137, 145 (2008). Sin embargo, ante la severidad de esta sanción, el Tribunal Supremo exige que nos aseguremos de que el incumplimiento con las disposiciones reglamentarias aplicables haya provocado un impedimento real y meritorio para que podamos considerar el caso en los méritos. *Román et als. v. Román et als.*, 158 DPR 163, 167 (2002). A modo de ejemplo, "[u]n recurso que carece de un apéndice, con los documentos necesarios *para poner al tribunal en posición de resolver*, **impide** su

consideración en los méritos". *Román et als. v. Román et als.*,158 DPR, a la pág. 167*.* (Énfasis nuestro; bastardillas en el original).

Reconocemos que la Ley de la Judicatura de 2003 tuvo como uno de sus propósitos hacer más accesible la justicia apelativa a la ciudadanía, flexibilizando los procesos apelativos. **Sin embargo, ello no supuso dar al traste con los requisitos mínimos exigidos para atender ordenadamente los recursos que se presentan ante este foro apelativo intermedio**. Mucho menos pretendió eliminar los términos jurisdiccionales para acudir en alzada. *Morán v. Martí*, 165 DPR 356, 368-369 (2005).

Debemos tener presente, además, que la verificación de todos los requisitos de forma y de contenido previstos para las diversas gestiones apelativas, no solo resulta en beneficio del foro intermedio, sino también de la parte contra la cual las mismas se prosiguen. *Soto Pino v. Uno Radio Group*, 189 DPR, a la pág. 90.

Por último, debemos apuntar que el hecho de que las partes litigantes comparezcan por derecho propio, por sí solo, **no** justifica que ellas incumplan con las reglas procesales. Ello cobra mayor importancia en el caso de aquellas normas procesales que establecen términos jurisdiccionales o de cumplimiento estricto. *Febles v. Romar,* 159 DPR 714, 722 (2003).

II

Un examen del trámite del recurso que nos ocupa revela que la parte peticionaria no nos colocó en posición de ejercer nuestra función revisora. El expediente ante nuestra consideración solo contiene un recurso escueto y carente de una discusión lógica de los hechos y el derecho aplicables. El escrito tampoco contiene señalamientos de error y adolece de claridad en su exposición, por lo que impide nuestra intervención.

III

Por tanto, ante el craso incumplimiento de toda la normativa aplicable, nos vemos obligados a **desestimar** este recurso.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones