ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| ALBERTO GONZÁLEZ PAGÁN,<br><br>Apelante,<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN p/c SECRETARIO DE JUSTICIA; CAROLINA CATERING CORPORATION d/b/a SKY CATERERS; ESTADO LIBRE ASOCIADO DE PUERTO RICO, p/c SECRETARIO DE JUSTICIA,<br><br>Apelada. | TA2025AP00457 | APELACIÓN, procedente del Tribunal de Primera Instancia, Sala Superior de Guayama.<br><br>Civil núm.: GM2025CV0215.<br><br>Sobre: discrimen por razón de sexo y género en lugar de trabajo (Ley Núm. 69). |

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 22 de octubre de 2025.

El apelante, señor Alberto González Pagán (señor González), comparece por derecho propio y en forma *pauperis*[1], y solicita que revoquemos la *Sentencia* dictada y notificada por el Tribunal de Primera Instancia, Sala Superior de Guayama, el 30 de julio de 2025[2].

Examinado el escrito del señor González, nos vemos obligados a desestimarlo por falta de jurisdicción, al este no haberse perfeccionado conforme a derecho.

I

En primer lugar, debemos apuntar que el señor González no acompañó documento alguno que sostenga su alegación de que, aunque la *Sentencia* fue dictada y notificada el 30 de julio de 2025, él no la recibió

---

[1] El 14 de octubre de 2025, también se registró en el SUMAC TA la *Solicitud y declaración para que se exima de pago de arancel por razón de indigencia* suscrita por el señor González el 28 de agosto de 2025. Este Tribunal la declara **con lugar**.

[2] Copia de la demanda instada y de la sentencia fueron los únicos documentos adjuntados por el señor González a su recurso.

sino hasta el 28 de agosto de 2025. El señor González suscribió su escrito el 29 de agosto de 2025. No obstante, surge del sobre en que se recibió por nuestra Secretaría el recurso, que el escrito fue echado al correo el 8 o 9 de octubre de 2025[3], y recibido el 14 de octubre de 2025. Es decir, fuera del término jurisdiccional de 60 días, que manda la Regla 13(A) del Reglamento de este Tribunal, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 22, 215 DPR ____ (2025).

Punto y aparte, examinado el escrito del señor González, prescindimos de la comparecencia de la parte apelada[4] y desestimamos el recurso de apelación, por carecer de jurisdicción para atenderlo.

II

El recurso de apelación,

> […] en nuestro sistema no es automático; presupone una notificación, un diligenciamiento y su **perfeccionamiento**. Se presume, además, que nuestros tribunales actúan con corrección, por lo que compete al apelante la obligación de demostrar lo contrario. […]. El apelante tiene, por lo tanto, la **obligación** de perfeccionar su recurso según lo exige la ley y el Reglamento del Tribunal de Apelaciones, para así colocar al foro apelativo en posición de poder revisar al tribunal de instancia. Si no se perfecciona un recurso dentro del término jurisdiccional provisto para ello, el foro apelativo **no adquiere jurisdicción para entender en el recurso presentado**.

*Morán v. Martí*, 165 DPR 356, 367 (2005). (Énfasis nuestro y citas omitidas).

Así pues, las normas que rigen el perfeccionamiento de **todos los recursos apelativos** deben observarse rigurosamente. *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90 (2013). Ello, ante la necesidad de colocar a los tribunales apelativos "en posición de decidir correctamente los casos, contando con un expediente completo y claro de la controversia que tiene ante sí". *Íd.*

Es menester destacar que el Tribunal Supremo de Puerto Rico ha sido enfático al expresar que, de no observarse las disposiciones

---

[3] Dada la forma en que se ponchó el sello postal, no se puede apreciar si este indica qué fue ponchado el 8 o 9; sí está claro que fue en **octubre** de 2025.

[4] Ello, conforme a la Regla 7(B)(5) del Reglamento de este Tribunal de Apelaciones, que nos permite "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante [nuestra] consideración, con el propósito de lograr su más justo y eficiente despacho […]".

reglamentarias al respecto, nuestro ordenamiento autoriza la **desestimación** del recurso. *Pueblo v. Rivera Toro*, 173 DPR 137, 145 (2008). Sin embargo, ante la severidad de esta sanción, el Tribunal Supremo exige que nos aseguremos de que el incumplimiento con las disposiciones reglamentarias **aplicables haya provocado un impedimento real y meritorio para que podamos considerar el caso en los méritos**. *Román et als. v. Román et als.*, 158 DPR 163, 167 (2002). A modo de ejemplo, "[u]n recurso que **carece de un apéndice**, con los documentos necesarios *para poner al tribunal en posición de resolver*, **impide** su consideración en los méritos". *Román et als. v. Román et als.*, 158 DPR, a la pág. 167. (Énfasis nuestro; bastardillas en el original).

Reconocemos que la *Ley de la Judicatura de 2003* tuvo como uno de sus propósitos hacer más accesible la justicia apelativa a la ciudadanía, flexibilizando los procesos apelativos. Sin embargo, ello no supuso dar al traste con los requisitos mínimos exigidos para atender ordenadamente los recursos que se presentan ante este foro apelativo intermedio. *Morán v. Martí*, 165 DPR, a las págs. 368-369.

Debemos tener presente, además, que la verificación de todos los requisitos de forma y de contenido previstos para las diversas gestiones apelativas, no solo resulta en beneficio del foro intermedio, sino también de la parte contra la cual las mismas se prosiguen. *Soto Pino v. Uno Radio Group*, 189 DPR, a la pág. 90.

Por último, debemos apuntar que **el hecho de que las partes litigantes comparezcan por derecho propio, por sí solo, no justifica que ellas incumplan con las reglas procesales**. Ello cobra mayor importancia en el caso de aquellas normas procesales que establecen términos jurisdiccionales o de cumplimiento estricto. *Febles v. Romar,* 159 DPR 714, 722 (2003).

III

Al realizar un examen del trámite apelativo del recurso que nos ocupa se desprende que el señor González incumplió con lo dispuesto en

el Reglamento de este Tribunal de Apelaciones para este tipo de recurso. No esbozó señalamiento de error alguno[5] y tampoco acreditó fehacientemente la presentación oportuna del recurso.

Es decir, el apelante, en su recurso, incumplió todos los requisitos de fondo y forma exigidos por nuestro Reglamento. Cual discutido, el apelante tiene la obligación de perfeccionar su recurso según lo exige la ley y el Reglamento de este Tribunal de Apelaciones, para así colocarnos en posición de poder revisar al tribunal primario. Asimismo, el hecho de que el apelante comparezca por derecho propio, por sí solo, no justifica que él incumpla con las reglas procesales.

Así pues, nos es forzoso concluir que este recurso de apelación no se perfeccionó conforme a la reglamentación aplicable y ello nos privó de jurisdicción para atenderlo en sus méritos.

III

A la luz de lo antes expuesto, desestimamos el recurso ante nuestra consideración por falta de jurisdicción.

El Juez Sánchez Ramos está conforme y añade que, aun de verificarse nuestra jurisdicción, procedería la confirmación de la sentencia apelada. Ello porque, contrario a lo que arguye el apelante, de conformidad con la reglamentación aplicable, el Tribunal de Primera Instancia no podía asignarle un abogado de oficio del panel de voluntarios, pues dicho mecanismo no está disponible en casos como el presente, en donde "el abogado o la abogada pued[e] recibir compensación mediante honorarios contingentes o de alguna otra manera".

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[5] Su única contención es que el foro primario debió asignarle un abogado de oficio para que le representase en la acción civil de daños y perjuicios que instó. Sin embargo, no surge de lo alegado por el apelante, ni del expediente electrónico del caso ante el Tribunal de Primera Instancia, que el señor González hubiera satisfecho los criterios esbozados en la Regla 5, incisos b y c, del *Reglamento para asignación de abogados y abogadas de oficio de Puerto Rico,* 201 DPR 261, 278-279 (2018).