Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| JOSETTE CINTRÓN QUIÑONES<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | TA2025RA00244 | REVISIÓN JUDICIAL Procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.:<br>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 |
|---|---|---|

Panel integrado por su presidenta, la jueza Lebrón Nieves, el juez Pagán Ocasio y la jueza Álvarez Esnard

Álvarez Esnard, jueza ponente

## SENTENCIA

En San Juan, Puerto Rico, a 27 de octubre de 2025.

Comparece ante nos, por derecho propio, e *in forma pauperis*,[1] el señor Josette Cintrón Quiñones ("señor Cintrón Quiñones" o "Recurrente") mediante un documento intitulado *Moción,* recibido el 8 de septiembre de 2025, el cual se clasificó como un recurso de revisión judicial y se le asignó la denominación alfanumérica TA2025RA00244. Por virtud de este escrito, el Recurrente solicita que intervengamos con una sanción que le impusiera el Departamento de Corrección y Rehabilitación ("DCR" o "agencia").

Examinado el recurso, al amparo de la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), prescindimos de los términos, escritos o procedimientos adicionales "con el propósito de lograr su más justo y eficiente

---

[1] Véase, SUMAC TA, Entrada 2.

despacho". Por los fundamentos que se exponen a continuación, **desestimamos** el presente recurso. Veamos.

## I.

### *A. Jurisdicción*

Como cuestión de umbral, antes de considerar los méritos de un recurso, a este Tribunal le corresponde determinar si posee jurisdicción para atender el recurso ante su consideración, pues "[l]os asuntos relacionados con la jurisdicción de un tribunal son privilegiados y deben atenderse con preeminencia". *Pérez Rodríguez v. López Rodríguez et al.,* 210 DPR 163, 178, (2022). "[L]a jurisdicción se refiere al poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias". *Mun. Río Grande v. Adq. Finca et al.*, 215 DPR __ (2025), 2025 TSPR 36, pág. 10, citando a *Pérez Soto v. Cantera Pérez, Inc., et al.*, 188 DPR 98, 105 (2013). Es norma reiterada que los tribunales deben ser celosos guardianes de su jurisdicción y el foro judicial no tiene discreción para asumir jurisdicción allí donde no la hay. *Greene, et als. v. Biase et als.,* 216 DPR __ (2025), 2025 TSPR 83, pág. 8. Esto nos impone el deber de examinar la jurisdicción antes de expresarnos.

Cuando "un tribunal determina que carece de jurisdicción, lo único que puede hacer es declararlo y desestimar el caso en sus méritos". *Íd.*

Sobre ello, nuestra máxima Curia ha expresado lo siguiente:

> Reiteradamente hemos expresado que la ausencia de jurisdicción sobre la materia da lugar a las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el

tribunal *motu proprio*. *Beltrán Cintrón et al. v. ELA et al.,* 204 DPR 89, 101-102 (2020) (Comillas y citas omitidas).

Como corolario de ello, la Regla 83(C) del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), nos faculta, a iniciativa propia, a desestimar un recurso por falta de jurisdicción. Una apelación o un recurso prematuro, al igual que uno tardío, "sencillamente adolece del **grave e insubsanable** defecto de privar de jurisdicción al tribunal al cual se recurre". *Consejo Titulares v. MAPFRE,* 215 DPR __ (2024), 2024 TSPR 140, pág. 18 (citas omitidas).

En vista de lo anterior, es preciso subrayar que el incumplimiento con las disposiciones reglamentarias sobre los recursos a ser presentados ante el Tribunal de Apelaciones podría conllevar la desestimación del recurso. *Pueblo v. Rivera Toro*, 173 DPR 137, 145 (2008). Por ello, "cuando el tribunal utiliza dicho mecanismo procesal en casos de incumplimiento con su Reglamento, debe cerciorarse primero que el incumplimiento **haya provocado un impedimento real y meritorio para que el tribunal pueda atender el caso en los méritos"** (Énfasis nuestro). *Román et als. v. Román et als.*, 158 DPR 163, 167–168 (2002).

### B. *Estándar de Revisión Judicial de Determinaciones Administrativas*

"Es norma de derecho claramente establecida que los tribunales apelativos, al momento de revisar las determinaciones administrativas, están obligados a conceder deferencia a las decisiones de las agencias en consideración a que estas poseen la experiencia y el conocimiento especializado sobre los asuntos que se les han delegado". *Katiria's Café v. Mun. de San Juan*, 215 DPR ___ (2025), 2025 TSPR 33, pág. 10. Las determinaciones de una agencia administrativa gozan de una presunción de legalidad y corrección. *Transp. Sonnell v. Jta. Subastas ACT,*

214 DPR ___ (2024), 2024 TSPR 82, pág. 15.  Al evaluar una determinación administrativa, los foros judiciales analizarán los aspectos siguientes: (1) si el remedio concedido por la agencia fue apropiado; (2) si las determinaciones de hecho que realizó la agencia están sostenidas por evidencia sustancial, y (3) si las conclusiones de derecho fueron correctas.  *Otero Rivera v. USAA Fed. Savs. Bank.,* 214 DPR ___ (2024), 2024 TSPR 70, pág. 9.

Ahora bien, en cuanto las determinaciones de derecho, nuestra más Alta Curia en *Vázquez et al v. DACo,* 215 DPR ___ (2025), 2025 TSPR 56, incorporó la doctrina discutida en *Loper Bright Enterprises v. Raimondo,* ___ U.S. ___, 144 S.Ct. 2244, 219 L.Ed.2d 832 (2024), en cuanto a que los tribunales no tienen que darle deferencia a la interpretación de derecho que haga una agencia simplemente porque la ley es ambigua.  En aquella ocasión, nuestro Máximo Foro concluyó que "la interpretación de la ley es una tarea que corresponde inherentemente a los tribunales" por lo cual enfatizó que, "al enfrentarse a un recurso de revisión judicial proveniente de una agencia administrativa, será el deber de los tribunales revisar las conclusiones de derecho en todos sus aspectos".  *Íd.*, pág. 32.

## II.

Expuesto el marco jurídico y examinado el expediente ante nos, procedemos a disponer del presente recurso.  De una evaluación del escrito presentado por el Recurrente se desprende que este nos solicita la revisión de una sanción emitida por el DCR.  No obstante, del escrito no surgen señalamientos de error ni la discusión de estos.  De igual manera, el señor Cintrón Quiñones anejó un documento intitulado *Resolución,* el cual está identificado con el número de querella **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** e impone una sanción al señor Eddie Ramos López y no al Recurrente.  Es decir, del expediente no se desprende que el Recurrente haya anejado la resolución de la cual solicita revisión.

El 7 de octubre de 2025, notificada al día siguiente, esta Curia emitió *Resolución* mediante la cual se le concedió un término de diez (10) días, contados a partir de la notificación, para que el Recurrente sometiera el apéndice del recurso y, además, se le apercibió que incumplir con esta orden podría conllevar la desestimación del caso. Vencido dicho término, esta Curia no recibió documento alguno por parte del Recurrente. Nuestro ordenamiento jurídico incentiva que los casos se vean en sus méritos, por lo cual el mecanismo procesal de la desestimación debe utilizarse como último recurso. Por ello, antes de desestimar un recurso, el tribunal debe "cerciorarse primero que el incumplimiento haya provocado un impedimento real y meritorio para que el tribunal pueda atender el caso en los méritos". *Román et als. v. Román et als.*, supra, págs. 167–168.

Cónsono con la normativa previamente citada y evaluado el expediente ante nos, el presente recurso **incumple totalmente** con la Regla 59 de nuestro Reglamento, lo cual impide que podamos ejercer nuestra función revisora sobre el mismo.

Por lo tanto, por virtud de la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, *supra*, procedemos a desestimar el recurso de epígrafe, puesto que el mismo no satisface los requisitos reglamentarios para el perfeccionamiento de un recurso de revisión judicial.

### III.

Por los fundamentos expuestos, **desestimamos** el recurso de epígrafe, por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones